Mr. Chief Justice SharKey
delivered the opinion of. the court.
This action was commenced by Lang, on a promissory note made by the defendants. The action was dismissed as to Fatheree, and the other defendants plead non assumpsit, and a special plea of limitation, to wit: that on the 7th of May, 1839, the plaintiff had recovered a judgment against defendants on the same note now sued on, which judgment was reversed on error at the January term, 1841, of the high court of errors and appeals, and that more than one year had elapsed after the reversal of the judgment, before the plaintiff recommenced his suit. To this plea the plaintiff demurred, which was overruled by the court. The note sued on was payable on the 1st of January, 1839, and this action was commenced on the 3d of November, 1842.
*408 It is insisted that the plea was good, because the statute is general in its provisions, and applies in all cases where a new suit is brought after judgment reversed. The provision relied on is sec. 101, H. & H. Dig. 571. It constitutes part of the general statute of limitations, and provides that if in' any of the actions specified in the preceding sections, judgment be given for the plaintiif, and afterwards reversed, or if he obtain a verdict, and the judgment is given against him on motion in arrest of the judgment, then the plaintiif may commence an action within one year, and not after. The English statute of 21 James, 1, c. 16, contains a provision, in the very same language, used in ours, and it is not construed to abridge the-time of limitation, but as enlarging the plaintiff’s privilege, in case the bar has become complete, pending litigation, and this was doubtless the object of our statute. It was not intended to establish a different rule for cases in which no limitation had run, merely because suit had been brought; but it is a saving to the plaintiff from the general provisions of the statute, in case he should prove unsuccessful in his first suit. This provision is not the subject of a plea; being a saving or exception, it must be replied. The defendant, can only plead the general limitation, and the plaintiff may answer it by replying that he sued within six years, and his judgment was reversed, and that he has sued within one year after the reversal. 2 Saund. R. 63, (note 6.) But this judgment is erroneous.for another reason. It was final for defendants on the demurrer to the plea, when it should have been respondeat ouster.
Judgment reversed, and cause remanded.