IN THE SUPREME COURT OF MISSISSIPPI
NO. 95-CA-00905-SCT

*JERRY LEE JACKSON*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/21/95 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 12/4/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/30/97 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

In this case we are faced with the question of whether a judge may impose a life sentence upon a defendant who pled guilty to armed robbery and rape where the statute states that only a jury may impose life sentences for those crimes. Because we find that a court may not impose such sentences, we vacate the life sentences.

**I.**

Jerry Lee Jackson was indicted on September 20, 1990, in Harrison County, Mississippi, for burglary, rape, armed robbery, kidnaping, and sexual battery. On September 24, 1991, Jackson, assisted by counsel, pled guilty to rape and armed robbery. The remaining charges were "passed to

the files." The circuit court judge sentenced Jackson to two life sentences, to be served consecutively.

On September 3, 1993, Jackson filed a "Motion to Correct/Amend or Reduce Sentence" in the Harrison County Circuit Court, asserting that he had not fully understood the seriousness or possible outcome of entering a guilty plea, that he did not know what the word "consecutive" actually meant, and that he had received ineffective assistance of counsel. Treating the motion as a request for "post collateral attack" pursuant to § 99-39-9, the trial court dismissed it on March 8, 1995, for failing to comply with the requirements of that statute. Jackson had failed to affix an oath to his Motion verifying that his assertions in the Motion had been made truthfully. The record does not reflect any appeal to this Court or any other appeal of this dismissal.

On April 10, 1995, Jackson filed another "Motion to Correct Sentences and/or Motion to Vacate Sentences" in the Harrison County Circuit Court. He asserted several assignments of error: (1) he did not enter his plea of guilty in a knowing, intelligent or voluntary manner; (2) the trial court unlawfully sentenced him to life in prison when the enabling statute only allowed a jury to give a life sentence; (3) the trial court failed to advise Jackson of the nature and consequences of his guilty plea; (4) the trial court failed to advise Jackson of the maximum and minimum possible penalties to his crimes of conviction; and (5) Jackson received ineffective assistance of counsel.

Again treating the motion as one for relief under the Post-Conviction Collateral Relief Act, the circuit court denied it as untimely, as it was filed more than three years after the entry of Jackson's conviction. Jackson presently appeals this order, arguing that the trial court was in error in ruling that his petition was untimely and, alternatively, that this Court has recognized exceptions to procedural bars where the record supports fundamental error. He further reiterates his errors raised below, i.e., that the trial court was without authority to sentence him to life in prison and that he received ineffective assistance of counsel.

## II.

Jackson first argues that the trial court erred in concluding that his petition for relief was untimely. He asserts that his petition was in fact timely because he filed it a month after the trial court dismissed his first petition due to a formal defect. Alternatively, Jackson argues that his petition alleges that he is suffering an illegal sentence, a posture that would support an exception to the time bar. We will consider both arguments in turn.

*a. whether Motion was timely*

The circuit court was in error in determining that Jackson's motion for relief was untimely. As Jackson notes, he filed the instant petition one month after the circuit court dismissed his first petition for a purely formal error. That first petition was filed well within the three year time bar imposed under Miss. Code Ann. § 99-39-5(2). The circuit court's dismissal of that first petition was entered eighteen months after Jackson moved for relief and only after Jackson petitioned this Court for a writ of mandamus directing the circuit court to rule. By the time the court entered its dismissal for the formal defect (that Jackson had failed to affix an oath that the statements contained therein were true), more than three years had passed from the time of Jackson's conviction and sentence.

Miss. Code Ann. Section 15-1-69 provides as follows:

> If any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, *or for any matter of form . . .* the plaintiff may commence a new action for the same cause, at any time within one year afer the abatement or other determination of the original suit . . . .

(emphasis added).

The circuit court's dismissal of Jackson's original petition was an abatement for a matter of form within the meaning of this statute, and therefore Jackson was entitled to commence a new action for the same cause up to one year after that dismissal. *See, e.g.,* **Lang v. Fatheree**, 15 Miss. 404 (1846) (noting that this section enlarged the general time of limitation). Thus, we reverse the circuit court's dismissal of Jackson's second petition.

*b. whether court was within its jurisdiction in sentencing Jackson to life imprisonment*

Jackson also argues that the two life sentences were illegal because the rape and armed robbery criminal statutes did not authorize life sentences without a jury recommendation. While we have already noted that addressing this contention is unnecessary to avoid the time bar for his petition, this contention forms the meat of his substantive request for relief and will be addressed at this juncture as a matter of judicial economy.

The State argues that the court did not exceed its authority in sentencing Jackson to two life sentences because the trial court was, in this case, sitting as the finder of fact on these charges pursuant to Jackson's waiver of his right to trial by jury and was thereby entitled to sentence Jackson to life. It cites in its support **Evans v. State**, 547 So. 2d 38 (Miss. 1989), in which this Court held that a defendant could be sentenced to life in prison by a trial court when the defendant had waived his right to a jury trial and the trial court had therefore sat as the trier of fact. The State also notes that Jackson expressly waived his right to have a jury assess whether he ought to get a life sentence and further assented to the court's acceptance of the State's recommendation that he be sentenced to two life terms in absence of any such jury determination. The State distinguishes **Lanier v. State**, 635 So. 2d 813 (Miss. 1994), in which this Court held that an accused could not assent to a sentence that was wholly unauthorized by statute, on the theory that the sentence given in this case was in fact authorized by law as long as the jury concluded that it was appropriate. Thus, **Lanier** does not apply.

Miss. Code Ann. §§ 97-3-65(2) and 97-3-79 provide for life sentences if fixed by the jury for the crimes of rape and armed robbery, respectively. Contrary to the State's assertions, Jackson is correct in his assertion that the trial court in this case was without authority to sentence him to life imprisonment in the absence of such a jury verdict to that effect and that he could not waive his right to a lawful sentence. This Court has strictly construed the statutory language that only a jury can recommend life imprisonment for rape and armed robbery. In addition, this court has repeatedly held that, where a defendant has pled guilty to crimes which provide for jury recommendations of life sentences, the sentencing court may not thereafter sentence the defendant to life imprisonment. *See, e.g.,* **Luckett v. State**, 582 So. 2d 428 (Miss. 1991) (reversing life sentence after defendant pled guilty to rape); *see also* **Kennedy v. State**, 626 So. 2d 103 (Miss. 1993) (reversing sentence of 99 years upon plea of guilty to armed robbery because such sentence was tantamount to life imprisonment and therefore violative of the statute, since no jury had recommended that the defendant suffer a life sentence).

The State's reliance on *Evans v. State*, 547 So. 2d 38 is misplaced. Although there we did hold that the term "jury" was synonymous with "trier of fact," the trial court in that case sat during a full bench trial, not simply as a sentencing authority. There we concluded that the court was sitting as the trier of fact during Evans' rape trial and thus filled the role that would have ordinarily been played by the jury as contemplated by the statutes in question. In that context then, the statutory term "jury" was synonymous with "trier of fact."

There was no bench trial in this case in which the court sat as the trier of fact since the defendant pled guilty. Obviously then there was no trier of fact, be it the jury as in a jury trial or the trial court as in a bench trial who could recommend a sentence of life imprisonment as allowed under Miss. Code Ann. §§ 97-3-65(2) and 97-3-79. We therefore hold that the trial court was without statutory authority to sentence Jackson to life imprisonment for rape and armed robbery.

*c. waiver*

The State notes for this Court that the record in this case reflects the trial court's attempt to obtain a waiver of Jackson's right to have the jury sentence him to life, instead of the court, on the State's recommendation:

> BY THE COURT: Mr. Jackson and Mr. Holder [defense counsel], let me ask you this: In addition to a right to a jury trial for the jury to decide whether you're guilty or not guilty, that would be known as the guilt phase, the jury under these particular counts would also have the right to decide whether or not the facts in this case sufficiently cry out for and demand a life sentence. Do you understand that, Mr. Jackson?
>
> MR. JACKSON: Yes, sir.
>
> THE COURT: And do you tell the court that you prefer or your agreement with your attorney is that you give up this right for the jury to declare a life sentence?
>
> DEFENSE COUNSEL: Do you understand what he's saying?
>
> BY THE COURT: Yes.
>
> (Mr. Holder had a discussion of this matter with the defendant.)
>
> BY THE COURT: Do you understand that?
>
> BY MR. JACKSON: Yeah.
>
> BY THE COURT: The statute says the punishment on armed robbery is not less than three up to life if the jury fixes life. Okay. And I need to know from you whether or not you are willing to waive or give up the right for a jury to decide whether there should be a life sentence and let me go ahead and impose a life sentence if I decide to follow the State's recommendation?
>
> BY MR. JACKSON: I let you go ahead and do it, sir.
>
> . . .

BY THE COURT: And you give up the right to let the jury decide that question; yes or no?

BY MR. JACKSON: Yeah.

. . .

BY THE COURT: I really believe if there is any problem with [me sentencing Jackson to life] it would only come back with sentencing and then I would go ahead and impose a day less than your life expectancy, and I think it translates basically to the same.

I'm satisfied that he's freely and voluntarily given up his statutory right, and based on the plea bargain agreement and the deliberations and the time of the deliberations that have been involved in this case, the Court is of the opinion that he has given up that right . . . .

This waiver is inoperative for two reasons. First, the trial court misinterpreted the statute as conferring upon Jackson a *right* to have a jury determine the aptness of a life sentence, which was waivable. On the contrary, a plain reading of the statute reveals it to command that *only* a jury may return a sentence of life:

[u]pon conviction [of armed robbery, a defendant] shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary *the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.*

Miss. Code Ann. § 97-3-79 (emphasis added)

Similarly, Miss. Code Ann. § 97-3-65(2) provides that:

[Every person convicted of rape of a person older than 14 years] shall be imprisoned for life in the State penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment *the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.*

(emphasis added).

This legislation clearly intends for persons convicted of rape or armed robbery to suffer life imprisonment only if deemed appropriate by a jury, which we have previously held to include the court when it sits as a trier of fact in a rape trial. This is distinct from a scheme in which Jackson would have had the *right* (or *option*) to have a jury (or trier of fact) consider whether he deserved life imprisonment for his crimes. Therefore, the trial court was incorrect in its assessment that the jury determination of a life sentence was a right that Jackson could waive; rather, the statute limits the authority of a court to impose a life sentence to those instances where a jury recommends such.

Moreover, this Court has held that a defendant cannot waive his right to be sentenced within the bounds of the statutory parameters. In particular, this Court has held that a court has no authority to sentence a convicted defendant beyond the legislative prescriptions, regardless of any attempted waiver in the record. **Lanier v. State,** 635 So. 2d 813; *see also* **Luckett v. State,** 582 So. 2d 428. Therefore, the trial court's attempt to obtain from Jackson a waiver of his right to have a jury assess

whether he deserved life imprisonment was inoperative since that sentence, as given by the court alone, was contrary to the controlling statutes. As such, we vacate the life sentence and remand the cause for consideration of the rest of his second petition for post-conviction relief and, if necessary, re-sentencing in conformity with the statutes.

*d. ineffective assistance of counsel*

Jackson's claim of ineffective assistance of counsel rests entirely upon his contention that his counsel should not have allowed him to be sentenced to two illegal life sentences. Since we have concluded that Jackson's sentence must be vacated as unlawful, it is unnecessary to address this independent, related claim. Thus, we decline to reach this moot contention.

## CONCLUSION

In conclusion, we vacate Jackson's two life sentences and remand this cause for proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN AND McRAE, JJ., CONCUR. MILLS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., ROBERTS AND SMITH, JJ.**

**MILLS, JUSTICE, DISSENTING:**

I respectfully dissent from the majority opinion.

This case deals with the imposition of consecutive life sentences to Jerry Lee Jackson, who plead guilty to both armed robbery and rape. Jackson raises the issue of whether the trial court was within its jurisdiction in sentencing him to life imprisonment. I believe that the trial court acted well within its statutorily granted authority.

It is well settled that trial by jury in criminal cases may be waived by agreement of the defendant and prosecution except where the death penalty is involved. ***Evans v. State***, 547 So.2d 38 (Miss.1989). In this case, Jackson pleaded guilty and waived his right to a jury trial. The trial judge then sentenced Jackson to life imprisonment.

The majority asserts that, absent jury recommendation, the trial judge was powerless to impose a sentence of life. The applicable statutes read:

Upon conviction [of armed robbery, a defendant] shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary *for any term not less than three (3) years.*

Miss. Code Ann. § 97-3-79 (emphasis added).

[Every person convicted of rape of a person older than 14 years] shall be imprisoned for life in the State penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the State Penitentiary *for any term as the court, in its discretion, may determine.*

Miss. Code Ann. § 97-3-65(2) (emphasis added).

A plain reading of these statutes reveals that the court has discretion to fix the penalty for "any term" that it decides is appropriate. Surely, "any term" includes a term of life. Therefore, I would find that the life sentences for rape and armed robbery were properly imposed upon Mr. Jackson.

**LEE, C.J., ROBERTS AND SMITH, JJ., JOIN THIS OPINION.**