582 So.2d 428 (1991)
Willie James LUCKETT
v.
STATE of Mississippi.
No. 89-KP-1339.
Supreme Court of Mississippi.
June 26, 1991.
Willie James Luckett, pro se.
*429 Mike C. Moore, Atty. Gen., Jackson, Patricia W. Sproat, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and BANKS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:

I.
Willie James Luckett appeals from the trial court's summary denial of his motion to vacate and set aside his 1980 convictions and sentences. Because Luckett was erroneously sentenced to life imprisonment after entering a plea of guilty to forcible rape, we reverse in part and remand to the trial court for resentencing. As to all other issues raised by Luckett, we affirm.

II.
On May 12, 1980, Willie James Luckett entered pleas of guilty in the Circuit Court of Leake County to forcible rape, two counts of kidnapping, and armed robbery. He was sentenced by the trial judge to life imprisonment on the rape conviction. The kidnapping convictions drew two (2) concurrent thirty (30) year terms, to be served consecutively to the life sentence. The armed robbery conviction drew a twenty (20) year sentence to run consecutive to the sentences imposed for rape and kidnapping.
On September 12, 1989, Luckett filed his motion to vacate and set aside his 1980 convictions and sentences. From summary denial of his motion, he appeals raising the following issues:
I.
Whether trial court was authorized to impose life sentence upon appellant when appellant entered plea of guilty to charge of "rape" and the law provided that such sentence was within the sole province of a jury.
II.
Whether indictments were fatally defective where grand jury which returned indictments was not sworn; grand jury did not return indictment into open court and presiding judge did not sign minutes of grand jury report all of which was required by state statutory language.
III.
Whether appellant's multiple pleas to crimes arising from one incident or from a continued transaction subjected appellant to double jeopardy in violation of the 5th and 14th amendments to the United States Constitution and the Constitution of the State of Mississippi.
IV.
Whether appellant's pleas of guilty were coerced, unintelligent and involuntary because appellant's attorneys misinformed appellant regarding the maximum and minimum sentences and because the court failed to inform appellant regarding the minimum and maximum sentence which could be imposed.
V.
Whether appellant was subjected to ineffective assistance of counsel in the trial court when counsel failed to investigate the evidence or basis for the pleas of guilty, failed to investigate and demur to the legality of the indictments, and failed to put on any defense to the court imposing life sentence on appellant for the crime of "rape," when the imposition of such sentence was in the sole providence of a jury.
VI.
Whether trial court erred in failing to require the state to file an answer to the post conviction relief motion and to conduct an evidentiary hearing into the claims of a fundamental denial of a constitutional right, where appellant asserted that he had been sentenced to a greater sentence than the statute allows a judge to impose after a conviction for rape, and whether the two kidnapping charges constituted double jeopardy under the Blockburger test.

*430 III.
Issue Numbers II, III, IV and V are time barred. Miss. Code Ann. § 99-39-5(2) (Supp. 1990). Individuals (as Luckett) convicted prior to April 17, 1984, had three (3) years from April 17, 1984, to file their petition for post-conviction relief. Freelon v. State, 569 So.2d 1168 (Miss. 1990); Odom v. State, 483 So.2d 343 (Miss. 1986). Luckett's application was filed more than nine (9) years subsequent to the entry of his guilty pleas. No appeal or other pleading for relief was filed by him prior to the application presented, and no exceptions to this procedural bar are applicable.
Issue VI is without merit insofar as it alleges error by the trial court in failing to require the state to file an answer to the post-conviction relief action. While we conclude that summary dismissal by the trial court pursuant to Miss. Code Ann. § 99-39-11 (Supp. 1990) was error, no prejudice or ensuing error resulted from failure to require the state to file an answer.
The erroneous life sentence is the only cognizable claim raised by Luckett's motion. This claim was verified by copies of the indictment and judgment of the trial court included as exhibits to Luckett's post-conviction relief motion.
The record reveals that in Cause number 7859, Luckett was indicted for forcible rape of a female over the age of twelve years in violation of Miss. Code Ann. § 97-3-65(2) (Supp. 1980). When Luckett entered his guilty plea to the indictment charging him with rape, Miss. Code Ann. § 97-3-65 (Supp. 1980) provided:
Every person who shall forcibly ravish any female of the age of twelve (12) years or upward, ... upon conviction shall be imprisoned for life in the state penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty of imprisonment in the state penitentiary for any term as the court in its discretion, may determine.
A defendant convicted under this statute may not be sentenced to life imprisonment unless the jury fixes the penalty at life imprisonment. In cases where the jury does not fix the penalty at life imprisonment, the judge must sentence the defendant to a definite term reasonably expected to be less than life. Lee v. State, 322 So.2d 751 (Miss. 1975); see also Cunningham v. State, 467 So.2d 902, 906 (Miss. 1985). In fixing the sentence, the trial court should make a record of, and consider, the age and life expectancy of the defendant and any other pertinent facts which would aid in fixing a proper sentence. Stewart v. State, 372 So.2d 257, 259 (Miss. 1979).
Luckett's complaint pertaining to the rape sentence is justified and excepted from the time limitations of Miss. Code Ann. § 99-39-5(2) (Supp. 1990). Errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration, and this case discloses a denial of due process in sentencing. See Smith v. State, 477 So.2d 191, 195-96 (Miss. 1985).

IV.
Accordingly, this case is reversed as to Issue I, and remanded to the trial court for the sole purpose of resentencing Luckett on his plea of guilty to the rape indictment. All other issues lack merit, and the action of the trial court in denying them is affirmed.
LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR RE-SENTENCING.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ. concur.
McRAE, J., dissents without written opinion.