# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KP-00056-SCT

*RONNIE CARL GILNER*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/09/95 |
| TRIAL JUDGE: | HON. KOSTA VLAHOS |
| COURT FROM WHICH APPEALED: | STONE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/7/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/16/97 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Ronnie Carl Gilner appeals the denial of his motion for post-conviction relief. On November 23, 1983, Gilner was convicted of capital murder and sentenced to life imprisonment with the possibility of parole. Gilner did not appeal his conviction.

On September 15, 1993, Gilner filed a motion for post-conviction relief which was denied by Stone County Circuit Court on June 14, 1995, because the request was time barred. On June 22, 1995, Gilner filed a motion to alter or amend judgment and allow him to proceed with an out-of-time appeal. On January 8, 1996, the Stone County Circuit Court denied the motion as time barred. On January 18, 1996, Gilner filed this appeal. Aggrieved by the disposition below, Gilner requests review of the following issues:

## I. WHETHER THE LOWER COURT ERRED IN DENYING GILNER'S MOTION TO ALTER OR AMEND JUDGMENT?

## STATEMENT OF THE FACTS

On November 23, 1983, Ronnie Carl Gilner was convicted of capital murder and sentenced to life imprisonment with the possibility of parole. Gilner did not appeal the conviction and sentence. Almost a decade later, on September 15, 1993, Gilner filed a motion for post-conviction relief.

On January 23, 1995, Gilner filed a request with the Stone County Circuit Court for leave to file an out-of-time appeal. Gilner's alleged that his trial counsel advised him not to appeal the conviction because he would be subjected to the death penalty, and he therefore was entitled to an out-of-time appeal. Further, Gilner asked the circuit court to substitute this motion for the previously filed post-conviction relief motion. On June 14, 1995, Circuit Court Judge Kosta Vlahos entered an order that denied Gilner's post-conviction relief request because it was time barred pursuant to Miss. Code Ann. § 99-39-5 (2).

On June 22, 1995, Gilner filed a motion to alter or amend judgment, in which Gilner stated that his earlier motion for an out-of-time appeal should be denied. Gilner contended that he had asked the circuit court to dismiss the post-conviction relief motion filed September 15, 1993, and therefore the circuit court lacked jurisdiction to enter the June 14, 1995, order that denied his post-conviction relief request. On January 5, 1996, Judge Kosta Vlahos entered an order that denied Gilner's motion to alter or amend judgment. On January 12, 1996, Gilner filed this appeal.

## DISCUSSION

## I. WHETHER THE LOWER COURT ERRED IN DENYING GILNER'S MOTION TO ALTER OR AMEND JUDGMENT?

Miss. Code Ann. § 99-39-5 (2) states that a motion for post-conviction relief must be made within three (3) years after the entry of judgment or conviction. Additionally, this Court has stated that an individual convicted prior to April 17, 1984, had three years from April 17, 1984, to file their petition for post-conviction relief. *Luckett v. State*, 582 So. 2d 428, 430 (Miss. 1991). Luckett was convicted of forcible rape in 1980, however, he did not file any motion in the matter until 1989. *Id*. at 429. Similar to the case at bar, Luckett alleged that he was entitled to an evidentiary hearing because of ineffective assistance of counsel. *Id*. This Court stated, "Luckett's application was filed more than nine (9) years subsequent to the entry of his guilty pleas. No appeal or other pleading for relief was filed by him prior to the application presented, and no exceptions to this procedural bar are applicable. *Id*. at 430.

In the case *sub judice*, Gilner filed his first motion for post-conviction relief almost ten years after the entry of judgment. Gilner's allegation of ineffective assistance of counsel is not supported by the record, nor does it fall under the exceptions from the three year statute of limitations. Gilner's post-conviction relief claim based on ineffective assistance of counsel is time barred pursuant to Miss. Code Ann. § 99-39-5 (2).

## CONCLUSION

Miss. Code Ann. 99-39-5 (2) states that a motion for post-conviction relief shall be filed within three years after the entry of judgment or conviction. Gilner did not appeal his 1983 capital murder conviction and waited almost ten years before filing his first motion for post-conviction relief. Gilner contends that he is entitled to an evidentiary hearing because of ineffective assistance of counsel. However, Gilner's contentions do not fall within the exceptions to Miss. Code Ann. § 99-39-5 (2) and therefore, the lower court's order denying Gilner's motion is affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**