# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00735-SCT

*JOHNNY SHERIFF*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/96 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On April 5, 1990, Johnny Sheriff was convicted in the First Judicial District of the Hinds County Circuit Court on two counts of possession and sale of cocaine. The trial court sentenced Sheriff as a habitual offender to two concurrent ten (10) year sentences without the possibility for parole. The trial court used two of Sheriff's prior felony convictions to enhance Sheriff's sentencing as a habitual offender. One of the prior convictions used was a 1985 conviction for conspiracy to possess marijuana with intent to distribute.

On June 14, 1995, Sheriff filed a petition for post-conviction relief in the First Judicial District of the Hinds County Circuit Court. In his petition, Sheriff attacks the constitutionality of his 1985 conviction and sentence for conspiracy to possess marijuana with intent to distribute because he was sentenced to five years suspended with five years of supervised probation in violation of Miss. Code

Ann. § 47-7-33. The trial court dismissed the petition as being time barred pursuant to Miss. Code Ann. § 99-39-5(2) and not falling within one of the exceptions contained therein. Sheriff now appeals to this Court from the denial of his petition.

## FACTS

On April 5, 1990, Johnny Sheriff was convicted in the First Judicial District of the Hinds County Circuit Court on two counts of possession and sale of cocaine. The trial court sentenced Sheriff as a habitual offender to two concurrent ten (10) year sentences without the possibility of parole. Sheriff's indictment for this conviction charged him as a habitual offender using his two prior convictions of manslaughter on June 6, 1978 and conspiracy to possess marijuana with intent on April 4, 1985.

Additionally, Sheriff was convicted on February 8, 1988 for the crime of conspiracy to possess marijuana with intent to distribute in which he was sentenced to ten (10) years with seven (7) years suspended and three (3) to serve. Sheriff's April 4, 1985 five-year suspended sentence for conspiracy to possess marijuana with intent was revoked as a result of the February 8, 1988 conviction of conspiracy to possess marijuana with intent, and Sheriff was ordered to serve the remaining three years concurrent to the February 8, 1988 sentence.

On June 14, 1995, Sheriff filed a Motion for Uniform Post-Conviction Collateral Relief in the First Judicial District of Hinds County. In his petition, Sheriff attacked the constitutionality of his 1985 conviction and sentence for conspiracy to possess marijuana with intent to distribute. Sheriff specifically contended that since he had previously been convicted of a felony that his sentence was in violation of Miss. Code Ann. § 47-7-33, prohibiting convicted felons from receiving a probationary sentence, and, thus, illegal. Sheriff additionally raised a claim of ineffective assistance of counsel in his petition.

On June 23, 1995, the trial court entered an order dismissing with prejudice Sheriff's petition for post-conviction relief. The trial court dismissed the petition for not being filed within the statutory limits set out in Miss. Code Ann. § 99-39-5(2) and not falling within one of the exceptions contained therein.

Aggrieved, Sheriff now appeals to this Court, citing the following issues:

**I. WHETHER THE TRIAL COURT ERRED BY DISMISSING SHERIFF'S PETITION AS BEING PROCEDURALLY BARRED PURSUANT TO MISS. CODE ANN. § 99-39-5(2).**

**II. WHETHER THE 1985 CONVICTION AND SENTENCE WAS WITHIN THE TRIAL COURT'S AUTHORITY.**

**III. WHETHER SHERIFF'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED.**

## DISCUSSION OF LAW

**I. WHETHER THE TRIAL COURT ERRED BY DISMISSING SHERIFF'S PETITION**

**AS BEING PROCEDURALLY BARRED PURSUANT TO MISS. CODE ANN. § 99-39-5(2).**

In denying Sheriff's Motion for Uniform Post-Conviction Collateral Relief, the trial court found that the motion was not filed within the statutory limits set out in Miss. Code Ann. § 99-39-5(2) and did not fall within one of the exceptions contained therein. However, Sheriff contends that his motion for post-conviction relief is not time barred by Miss. Code Ann. § 99-39-5(2) because his claim affects a fundamental constitutional right.

Miss. Code Ann. § 99-39-5(2) provides the time restrictions for the filing of a petition for post-conviction relief as follows:

> A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Miss. Code Ann. § 99-39-5(2) (Supp. 1997). Sheriff's current petition for post-conviction relief was filed over ten years after his 1985 conviction for conspiracy to possess marijuana with intent to distribute. Therefore, Sheriff's petition for post-conviction relief is time barred unless it falls within one of the above statutory exceptions or an exception otherwise created by this Court.

Sheriff does not contend that his petition falls under one of the statutory exceptions provided by Miss. Code Ann. § 99-39-5(2). Instead, Sheriff relies on this Court's decision in *Luckett v. State*, 582 So. 2d 428 (Miss. 1991), to overcome the procedural bar found in Miss. Code Ann. § 99-39-5(2). In *Luckett v. State*, this Court held that "[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration . . . ." *Luckett v. State*, 582 So. 2d 428, 430 (Miss. 1991); s*ee also* **Kennedy v. State**, 626 So. 2d 103, 105 (Miss. 1993); *Smith v. State*, 477 So. 2d 191, 195-96 (Miss. 1985). Therefore, Sheriff contends that since his illegal sentencing by the trial court for conspiracy to possess marijuana with intent in 1985 affected a fundamental constitutional right, he should be allowed to attack the constitutionality of the 1985 conviction, despite the procedural bar, where the prior conviction was used to enhance his sentencing as a habitual offender for the possession and sale of cocaine in 1990.

However, this Court, in *Culberson v. State*, 612 So. 2d 342 (Miss. 1992), addressed the issue of whether the three-year period of limitations found in Miss. Code Ann. § 99-39-5(2) is applicable where the petitioner is attacking a prior felony conviction used to enhance sentencing for a subsequent felony conviction. In *Culberson*, petitioner on March 14, 1989 filed a petition for post-

conviction relief attempting to collaterally attack a 1971 conviction that the trial court used as aggravating circumstances to enhance his sentencing for the crime of capital murder in 1977. *Culberson*, 612 So. 2d at 343. This Court held that where a petitioner is challenging a prior conviction used for enhancement purposes in the sentencing for a subsequent felony, challenge of the prior conviction is subject to the procedural bar found in Miss. Code Ann. § 99-39-5(2). *Id.* at 347. The *Culberson* Court explained that to lift the procedural bar to allow a petitioner to attack a prior felony conviction used to enhance punishment would "permit[] anyone having a prior conviction used as an aggravating factor at the sentencing phase or for enhanced punishment to use a Rip Van Winkle approach to circumvent plain statutory prescription of our post-conviction collateral relief act." *Id.* at 346; *see also* **Moore v. Roberts**, 83 F.3d 699, 703 (5th Cir. 1996) ("[It] is not 'necessary to bend over backwards to the point of standing on our heads to indulge repeat offenders whose 'standing' to reopen closed cases is based on having committed another criminal offense.'") (*quoting* **United States v. Davis**, 15 F.3d 902, 917 (9th Cir.) (Trott, J., concurring in part, dissenting in part), *withdrawn and superseded by* 36 F.3d 1424 (9th Cir. 1994)).

Sheriff relies on the case of **Robinson v. State** to support the merits of his claim that it was error for the trial court to suspend his sentence and grant supervised probation where he had previously been convicted of a felony. In **Robinson v. State**, this Court held that it was reversible error for the trial court to convict a defendant on a guilty plea based on the inducement of a suspended sentence where the trial court was not authorized to give a suspended sentence and place the defendant on probation pursuant to Miss. Code Ann. § 47-7-33. **Robinson v. State**, 585 So. 2d 757, 759 (Miss. 1991). However, Sheriff fails to point out that Robinson's claim was procedurally alive before this Court when the Court determined the issue and not barred by Miss. Code Ann. § 99-39-5(2).

For the above stated reasons, we find, pursuant to **Culberson v. State**, that Sheriff is procedurally barred from raising for the first time a constitutional attack on his 1985 conviction for conspiracy to possess marijuana with intent.

Furthermore, determination of Issue I proves dispositive of Issues II and III as being procedurally barred pursuant to Miss. Code Ann. § 99-39-5(2) and, thus, without merit.

### CONCLUSION

We affirm the trial court's denial of Sheriff's petition for post-conviction relief because (1) Sheriff did not file his petition until over seven years after the deadline for challenging his conviction under the Mississippi Uniform Post-Conviction Collateral Relief Act and (2) Sheriff has not satisfied one of the statutory exceptions or established an alternative valid exception provided by this Court to overcome the procedural bar found in Miss. Code Ann. § 99-39-5(2).

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**