## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 97-CA-00489-SCT

*ANTHONY JENKINS a/k/a ANTHONY JAMES*
*JENKINS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/97 |
| TRIAL JUDGE: | HON. HENRY LAFAYETTE LACKEY |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | LAWRENCE L. LITTLE |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/08/97 |
| MOTION FOR REHEARING FILED: | 12/16/97 |
| MANDATE ISSUED: | 3/18/98 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Anthony Jenkins appeals from the April 7, 1997, summary dismissal of his motion for post-conviction relief that was filed in the Circuit Court of Lafayette County. On April 3, 1997, Jenkins filed a motion for post-conviction relief asserting that his three guilty pleas entered on April 14, 1986, were involuntary because he was not informed of his fundamental constitutional right against self-incrimination and that a plea of guilty would act as a waiver of that right. After his motion was dismissed pursuant to section 99-39-11(2) of the Mississippi Code of 1972, he filed a notice of appeal and a motion to proceed in forma pauperis which was granted by Order dated April 18, 1997.

Jenkins was convicted of capital murder after a jury trial, and was sentenced to life in prison on February 22, 1986. Following three indictments entered on July 24, 1985, Jenkins entered three

guilty pleas on April 14, 1986, one for aggravated assault [cause number 11,947], one for house burglary [cause number 11,948], and one for grand larceny [cause number 11,949]. Following Jenkins's entry of his pleas he was sentenced to terms of twenty years for the aggravated assault and five years for the grand larceny, both to run consecutively with the life sentence imposed earlier for capital murder. A sentence of ten years was imposed for the burglary which will run concurrently with the other three sentences.

On April 3, 1997, almost ten years following the entry of his pleas of guilty dated April 14, 1986, Jenkins filed his motion to vacate his guilty pleas. Jenkins claims that his pleas were involuntary because the trial judge failed to advise him that by pleading guilty he was waiving his right against self-incrimination. He also asserts that he was unaware that his guilty plea would waive this right and had he known of the effect of his plea he would not have entered the guilty pleas.

## STATEMENT OF THE LAW

### I.

### WHETHER THE CLAIM ASSERTED BY JENKINS IS BARRED BY THE STATUTE OF LIMITATIONS?

This Court has stated, "It is familiar learning that courts will not decide a constitutional question unless it is necessary to do so in order to decide the case." *Kron v. Van Cleave*, 339 So. 2d 559, 563 (Miss. 1976). It is appropriate, therefore, to first consider the State's contention that Jenkins's motion to vacate his guilty pleas is time-barred by virtue of the three year statute of limitations set forth in section 99-39-5(2) of the Mississippi Code of 1972. The section of the Act pertinent to this appeal provides,

> *A motion for relief under this chapter shall be made* within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or *in case of a guilty plea, within three (3) years after entry of the judgment of conviction.* Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Miss. Code Ann. § 99-39-5(2)(Supp. 1997) (emphasis added).

In *Cole v. State*, this Court explained the purpose of the statute of limitations by stating:

> The primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. These statutes are founded upon the general experience of society that

valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.

*Cole v. State*, 608 So. 2d 1313, 1317 (Miss. 1992) *cert. denied*, 508 U.S. 962 (1993).

A requirement to act with reasonable diligence to assert claims for post-conviction relief is neither unconstitutional nor unjust. *Cole*, 608 So. 2d at 1320. "It is a well-settled principle that a state may attach reasonable time limitations to the assertion of federal constitutional rights." *Cole*, 608 So. 2d at 1319 (*citing* **United States v. Randolph**, 262 F.2d 10, 12 (7th Cir. 1958); *cert. denied*, 359 U.S. 1004, 79 S.Ct. 1143, 3 L.Ed.2d 1032 (1959) (*citing* **Brown v. Allen**, 344 U.S. 443, 486, 73 S.Ct. 397, 422, 97 L.Ed.2d 469, 504 (1953))). The *Cole* Court went a step further and held that "a time limitation also may be placed on the exercise of a state constitutional right." *Cole*, 608 So. 2d at 1319; *see also* **Marshall v. State**, 680 So. 2d 794 (Miss. 1996) (holding appellant's claim that he was denied his sixth amendment right to a speedy trial was time-barred under section 99-39-5(2) of the UPCCRA).

In the case *sub judice*, Jenkins' pleas of guilty to aggravated assault, house burglary, and grand larceny were entered on April 14, 1986. This was two years after the April 17, 1984 effective date of the Mississippi Uniform Post-Conviction Relief Act. **Odom v. State**, 483 So. 2d 343 (Miss. 1986) (explaining that section 99-39-5(2) applies prospectively from its date of enactment). Individuals who entered pleas of guilty after April 17, 1984, had three years from the date of their guilty pleas to file their petitions for post-conviction relief. **Freelon v. State**, 569 So. 2d 1168, 1169 (Miss. 1990); **Jackson v. State**, 506 So. 2d 994, 995 (Miss. 1987). Therefore, Jenkins had three years from the date of his guilty pleas to file his petition for post-conviction relief which made his deadline April 14, 1989. Jenkins missed his deadline by almost eight years when his motion was filed on April 3, 1997.

Once this Court determines that the petition is time-barred, it will not consider it further unless the statutory exceptions apply to the facts of the case. **Patterson v. State**, 594 So. 2d 606, 608 (Miss. 1992); **Alexander v. State**, 667 So. 2d 1 (Miss. 1995) (explaining that the motion was not time-barred by section 99-39-5(2) because it fit squarely within the statutory exception of challenges to the revocation of parole). We have previously approved the three statutory exceptions to the time bar for PCR motions: (1) intervening decisions which would have adversely affected the outcome of the petitioner's conviction or sentence, (2) newly discovered evidence, and (3) expired sentence or unlawful revocation of the petitioner's probation, parole, or conditional release. **Bevill v. State**, 669 So.2d 14, 17 (Miss. 1996). Neither of these exceptions are applicable to Jenkins's claim and none were asserted in Jenkins' brief filed with this Court. Therefore, Jenkins' motion is, on its face, time barred pursuant to § 99-39-5(2).

Jenkins argues that his claim should not be time-barred because his claim, alleging that he was not informed by the trial court that he would waive his right against self-incrimination by pleading guilty, rises to the level of constitutional concern. He relies upon **Powell v. State**, a "Memorandum/Per Curiam Affirmance" No. 95-KP-00895-SCT entered on November 21, 1996. Since this case is unpublished, it is not controlling authority and is not to be cited. Jenkins does not cite to any other authority for the proposition that his claim should be excepted from the procedural time-bar.

However, there is language in two cases that suggests that his claim might not be procedurally barred. In contrast, there are other cases which suggest that his claim should be time-barred. There is not a case that specifically addresses whether a claim asserting a constitutional violation that the defendant was not informed about the waiver of his right against self-incrimination when he pled guilty is excepted from the procedural time bar pursuant to Miss. Code Ann. § 99-39-5(2). But, one case that this Court excepted from the procedural bar involved an unlawful imposition of a ninety-nine year sentence. *Kennedy v. State*, 626 So. 2d 103 (Miss. 1993) The Court in *Kennedy v. State* said, "This Court has repeatedly held that such a claim may be exempt from such procedural bars where it is clear from the record that the circuit court has exceeded its statutory authority in sentencing and fundamental constitutional rights may be involved." *Kennedy*, 626 So. 2d at 105 (*citing Luckett v. State*, 582 So. 2d 428 (Miss. 1991) and *Grubb v. State*, 584 So. 2d 786 (Miss. 1991)). Also, in *Luckett v. State* this Court stated, "[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration, and this case discloses a denial of due process in sentencing." *Luckett*, 582 So. 2d at 430. The *Luckett* Court excepted the time-bar pursuant to section 99-39-5(2) because the appellant was erroneously sentenced to life after he entered a guilty plea to forcible rape. *Id.* at 430. But, this Court went on to hold that the claims of ineffective assistance of counsel, defective indictments, and an involuntary guilty plea, due to the failure of the trial court to inform him of the minimum and maximum sentences which could be imposed, were time barred because he filed his application more than nine years after he entered his guilty pleas. *Id.* at 429-30. This Court reaffirmed its position in *Bevill v. State* when the Court explained that allegations of ineffective assistance of counsel and the failure to inform a defendant of the minimum or maximum penalties for a crime are insufficient to overcome the procedural bar pursuant to section 99-39-5(2). *Bevill*, 669 So. 2d at 17. Other than cases involving unlawful sentencing, or cases that fall under the statutory exceptions, this Court has consistently applied the three year statute of limitations mandated by Miss. Code Ann. § 99-39-5(2). *Campbell v. State*, 611 So. 2d 209 (Miss. 1992); *Freelon v. State*, 569 So. 2d 1168 (Miss. 1990);*Cole v. State*, 608 So. 2d 1313 (Miss. 1992); *Kincaid v. State*, No. 94-KP-00157-SCT 1997 WL 280664 (Miss. May 29, 1997).

Here, Jenkins had a remedy, he had three years within which to challenge the voluntariness of his plea. By failing to exercise this remedy within the proscribed time period, Jenkins has effectively waived his right to challenge his conviction. This decision is based on statutory interpretation making it unnecessary to address the constitutional concern. This Court affirms the summary dismissal of Jenkins' claim because it is time-barred and it does not fit within any of the statutory exceptions.

## CONCLUSION

Jenkins motion for post-conviction relief is time-barred pursuant to Section 99-39-5(2) of the Mississippi Code of 1972. His claim in no way implicates any of the statutory exceptions to the three year time limitation and his motion was filed almost ten years after he entered his pleas of guilty. Therefore, this Court affirms the lower court's denial of Jenkins' motion for post-conviction relief.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**