# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CP-01667-SCT

*JESSE ROLAND BULLOCK, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/13/1999 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | RICHARD L. DOUGLASS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/14/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/5/2000 |

**BEFORE BANKS, P.J., WALLER AND DIAZ, JJ.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This matter is before the Court on appeal from the judgment of the Circuit Court of Marion County dismissing Jesse Roland Bullock, Jr.'s Petition for Post Conviction Relief. Because Bullock's petition is time barred, we affirm.

## I.

¶2. Jesse Roland Bullock, Jr. pled guilty in October of 1991 to manslaughter and aggravated assault. On November 1, 1991 he was sentenced to twenty years for manslaughter and twenty years for aggravated assault, with ten years of the aggravated assault to run concurrently with the sentence for manslaughter and ten years to run consecutively.

¶3. In August of 1999, Bullock filed a Motion for Post-Conviction Relief. The circuit court dismissed the motion as procedurally barred. Bullock filed a timely notice of appeal.

## II.

**WHETHER THE LOWER COURT ERRED BY RULING THAT THE APPELLANT'S MOTION FOR POST-CONVICTION COLLATERAL RELIEF IN TRIAL COURT WAS BARRED UNDER MISS. CODE ANN. § 99-39-5(2)?**

¶4. Bullock's motion for post-conviction relief was barred by Miss. Code Ann. § 99-39-5(2) (1994). Pursuant to § 99-39-5(2) a defendant has three years after being sentenced to bring an action. Miss. Code Ann. § 99-39-5(2). The statute also establishes three exceptions to the three-year time bar. *Luckett v. State*, 582 So.2d 428, 430 (Miss. 1991). However, Bullock does not fit under any of the exceptions.

### III.

**WHETHER THE COURT ERRED IN RULING THAT THERE WAS NO EVIDENCE TO SUPPORT THE APPELLANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL?**

¶5. Were we to reach the merits of Bullock's claim of ineffective assistance of counsel, we would conclude that there was not enough evidence in the record to support this claim. *See **Strickland v. Washington**,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

### IV.

¶6. Accordingly, the circuit court's judgment is affirmed.

¶7. **DISMISSAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., McRAE, SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR.**