SOUTHWICK, P.J.,
for the Court:
¶ 1. Billy W. Stacy pled guilty in 1996 to four counts of sexual battery of a child under the age of fourteen in the Coahoma County Circuit Court. In 1999, Stacy sought post-conviction relief on the grounds that he was denied effective assistance of counsel. The circuit court dismissed the petition finding that it was time barred. We agree.
FACTS
¶ 2. On January 16, 1996, Stacy pled guilty to four counts of sexual battery of a child under fourteen years of age. The plea was accepted. Stacy was sentenced to fifteen years with five years suspended, ten years to serve in the custody of the Mississippi Department of Corrections.
¶ 3. More than three years later, in August of 1999, Stacy filed a pro se petition for post-conviction relief. Stacy argued that he was denied effective assistance of counsel when his attorney failed to inform him that the ten year portion of his sentence was mandatory. The circuit court denied the relief as time barred. Stacy appeals arguing that the statute of limitations should not apply because he was denied a constitutionally protected right.
DISCUSSION
¶ 4. There is a three year time limit for the filing of post-conviction relief:
A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss.Code Ann. § 99-39-5(2) (Rev.2000). Stacy’s application for post-conviction relief was filed after the three year statute of limitations had expired. He makes no claim that one of the enumerated exceptions applies, which are that there is a relevant intervening decision of the supreme court, or that newly discovered evidence exists that almost certainly would have caused a different initial result, or that his sentence has expired or his proba *415 tion, parole or conditional release has been unlawfully revoked.
¶ 5. Instead, Stacy argues that his claim for post-conviction relief should not be procedurally barred because he has been denied the fundamental constitutional right of having minimally effective assistance of counsel. This ineffectiveness is due to the attorney’s alleged failure to inform him that serving a portion of his sentence was mandatory. The Supreme Court has stated that an error “affecting fundamental constitutional rights may be excepted from procedural bars.” Luckett v. State, 582 So.2d 428, 430 (Miss.1991). The Court subsequently stated that a lawyer’s performance might be so deficient and prejudicial that the defendant’s right to counsel was lost. Maston v. State, 750 So.2d 1234, 1237 (Miss.1999). But merely raising a claim of ineffective assistance of counsel is insufficient to overcome the statute of limitation bar. Id. What that might include was unstated, but the alleged failure to alert the client that he had a right to a direct appeal after conviction was not constitutional deficiency. Id.
¶ 6. What was told an accused in consultation with his lawyer is especially subject to the need for timely presentation after a conviction has occurred. Even federal constitutional claims may properly be the subject of reasonable time limitations. Cole v. State, 608 So.2d 1313, 1319-20 (Miss.1992). We find no error in the rejection of this claim.
¶ 7. THE JUDGMENT OF THE COA-HOMA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO COAHOMA COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, and THOMAS, JJ., concur.