IRVING, J.,
for the Court.
¶ 1. On January 15, 2003, Freddie Bur-rell, pro se, filed a motion to vacate his 1988 conviction of perjury. The Circuit Court of Forrest County treated the motion as a motion for post-conviction relief and summarily dismissed the motion as being both untimely and without merit. Feeling aggrieved about this decision, Burrell appeals and asserts the following issue: whether his motion to vacate his conviction of perjury was time-barred by virtue of the three-year statute of limitations set forth in Mississippi Code Annotated section 99-39-5(2) (Supp.2004).
¶ 2. Ascertaining no error, we affirm.
FACTS
¶ 3. On July 18, 1988, a Forrest County assistant district attorney charged Freddie Burrell by affidavit with perjury. Burrell waived indictment and entered a guilty plea to the charge. As a result, on July 19, 1988, the Circuit Court of Forrest County sentenced Burrell to serve five years in the custody of the Mississippi Department of Corrections.
¶ 4. On January 15, 2003, Burrell filed a motion to vacate his conviction. In the motion, Burrell contested the validity of his 1988 guilty plea. The court dismissed Burrell’s motion as being untimely because it was filed beyond the three-year period of time allowed by Mississippi Code Annotated section 99-39-5(2) (Supp.2004) for filing post-conviction relief motions and because Burrell had served his five-year sentence. Burrell followed with this appeal.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. When reviewing a trial court’s decision to deny a petition for post-conviction relief, we will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, where questions of law are raised the applicable standard of review is de novo. Id.
¶ 6. Burrell argues that the circuit court erred in summarily dismissing his post-conviction relief motion. He further argues that hisl988 plea was not knowingly, voluntarily and intelligently entered and that his fundamental rights were violated because his guilty plea was not voluntary and because his counsel’s assistance was ineffective. He therefore concludes that he should not be time-barred from having the merits of his claim decided by the court.
*1127 ¶ 7. Burrell alleges that the court failed to advise him, prior to his guilty plea, of the elements of the crime of perjury. Bur-rell further contends that his counsel provided him with ineffective assistance and coerced him to plead guilty to perjury. He explains that his attorney also failed to advise him of the elements of the offense, the maximum and minimum sentence that could be imposed for the charge, and the potential consequences of pleading guilty. He does admit, however, that his attorney did advise him that, in all likelihood, he would get five years to serve, the exact sentence that Burrell received.
¶ 8. The State counters that the circuit court did not err in holding that Burrell’s motion was time-barred.
¶ 9. The circuit court found Bur-rell’s motion to be untimely because it was filed outside of the applicable three-year statute of limitations and because his sentence had expired. We agree with the decision of the circuit court.
¶ 10. Mississippi Code Annotated section 99-39-5(1) (Supp.2004) provides that “[a]ny prisoner in custody under sentence of a court of record of the State of Mississippi who claims [the existence of certain legal circumstances] ... may file a motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal.” Section 99-39-5(2) states:
A motion for relief under this article shall be made ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Miss.Code Ann. § 99-39-5(2) (Supp.2004).
¶ 11. When Burrell filed his motion for post-conviction relief on January 15, 2003, he had already completed serving the five-year sentence given him in 1988. Therefore, Burrell was not even eligible to file a motion for post-conviction relief. But even if he were not precluded by subsection one of section 99-39-5 from filing a motion for post conviction relief, his motion was properly dismissed because his case does not fall into one of the exceptions to the three-year limitation set out in section 99-39-5(2). Section 99-39-5(2) bars claims based on involuntariness of guilty plea and ineffective assistance of counsel. Kirk v. State, 798 So.2d 345, 346(¶ 6) (Miss.2000) (citing Luckett v. State, 582 So.2d 428 (Miss.1991)).
¶ 12. The circuit court did not err in dismissing Burrell’s motion for post-conviction relief which was filed more than fourteen years after he entered his plea of guilty. Accordingly, we affirm the judgment of the circuit court.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING APPELLANT’S MOTION TO VACATE CONVICTION, WHICH WAS DISPOSED OF AS A MOTION FOR POST-CONVICTION COLLATERAL RELIEF, IS AFFIRMED. *1128 ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.