# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00346-COA

| | |
|---|---|
| CHRISTOPHER B. SELLERS A/K/A CHRIS SELLERS A/K/A CHRISTOPHER SELLERS A/K/A CHRISTOPHER BRIAN SELLERS | APPELLANT |
| v. | |
| STATE OF MISSISSIPPI | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 03/05/2014 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER B. SELLERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 06/09/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.**

**IRVING, P.J., FOR THE COURT**:

¶1. In this appeal, this Court is asked to decide whether the Circuit Court of Oktibbeha County erred in denying Christopher Sellers's pro se motion for post-conviction relief (PCR), wherein he alleged that his sentence was illegal and his trial counsel was ineffective.

¶2. Finding that the circuit court committed no error, we affirm.

FACTS

¶3. On July 13, 2012, a grand jury indicted Sellers for malicious mischief in violation of

Mississippi Code Annotated section 97-17-67 (Rev. 2006), and the circuit court later appointed counsel to represent him. On October 16, 2012, the State filed a motion to amend the indictment to charge Sellers as a habitual offender under Mississippi Code Annotated section 99-19-81 (Supp. 2014). That same day, Sellers filed a petition to enter a guilty plea, and the circuit court held a plea hearing. The record reveals that a stand-in attorney[1] represented Sellers during the hearing.[2]

¶4. After accepting Sellers's guilty plea, the circuit court sentenced him to a term of five years in the custody of the Mississippi Department of Corrections (MDOC), imposed a $10,000 fine, and ordered him to pay restitution. On January 8, 2014, Sellers filed his PCR motion in the circuit court, and after the court denied the motion, he perfected this appeal.

DISCUSSION

¶5. The standard of review of a circuit court's denial of a PCR motion is limited. On appeal, this Court must reverse the circuit court's judgment "only if [the circuit court's] factual findings are clearly erroneous; however [this Court] review[s] the circuit court's legal conclusions under a de novo standard of review." *Beal v. State*, 58 So. 3d 709, 710 (¶2) (Miss. Ct. App. 2011) (citing *Doss v. State*, 19 So. 3d 690, 694 (¶5) (Miss. 2009)).

I. *Illegal Sentence*

---

[1] The stand-in attorney was employed by Seller's attorney's law firm.

[2] According to Sellers, less than twenty-four hours before the plea hearing, his attorney informed him that he had a dentist's appointment that conflicted with the time of the hearing.

¶6. Sellers argues that the circuit court lacked the authority to impose the maximum sentence because he could have received the maximum sentence only if he had stood trial. He also argues that *Luckett v. State*, 582 So. 2d 428 (Miss. 1991) (overruled on other grounds by *Rowland v. State*, 42 So. 3d 503 (Miss. 2010)), required the circuit court to impose a lesser sentence. Sellers also argues that the circuit court erred in sentencing him as a habitual offender because the evidence was insufficient to: (1) establish his prior convictions and (2) prove that he served a sentence of one year or more for those convictions. He contends that the evidence of his prior convictions consisted solely of handwritten notes, which were unreliable and constituted inadmissible hearsay because they were written by the victim in this case.

¶7. Sellers further contends that the circuit court violated Rule 11.03 of the Uniform Rules of Circuit and County Court Practice by: (1) failing to file an order amending the indictment,[3] and (2) granting the motion to amend absent sufficient proof of (i) his "previous convictions[,] (ii) the nature or description of the offense constituting the previous convictions, (iii) the state or federal jurisdiction of [the] previous conviction[s], and (iv) the date of the judgment."

¶8. In response, the State argues that the applicable habitual-offender sentencing statute,

---

[3] Both Sellers and the State, in their briefs, seem to believe that the order amending the indictment was never filed. However, our perusal of the record shows that the motion to amend and the order allowing the amendment were both filed on October 16, 2012, the same date that Sellers pleaded guilty pursuant to a plea agreement.

3

section 99-19-81, required the circuit court to impose the maximum sentence prescribed for malicious mischief. The State also argues that *Luckett* is inapplicable because *Luckett* applies only to those cases where only the jury is authorized to give a life sentence but has failed to do so. The State further argues that there was sufficient evidence to establish Sellers's habitual-offender status. Additionally, the State argues that although "[n]o order [amending the indictment] was ever entered on the record[,]" Sellers did not preserve this issue for appeal because he failed to object during his plea hearing.

¶9.     In the motion to amend the indictment, the State alleged that Sellers had been convicted of felony driving under the influence (DUI) and aggravated battery of a pregnant woman. In the plea petition, Sellers: (1) admitted that he had received the two convictions identified by the State in the motion to amend, (2) confirmed that he had been fully advised by his attorneys regarding the nature of his case and the legal ramifications of his guilty plea, and (3) acknowledged that "if [he pleaded] '[g]uilty[,]' the [c]ourt [could] impose the same punishment as if [he] had [pleaded] '[n]ot [g]uilty[,]' [had stood] trial[,] and [had] been convicted." Sellers also acknowledged the sentencing recommendation to be made by the State, which was "[five] years habitual."

¶10.    During the plea hearing, the following colloquy took place:

|  |  |
|---|---|
| [BY THE COURT]: | You have at least two prior felony convictions? |
| [SELLERS]: | Yes, I do. |
| [BY THE COURT]: | One's an aggravated battery, and the other one is a felony DUI? |

4

| | |
|---|---|
| [SELLERS]: | Yes, sir. |
| BY THE COURT: | [(Speaking to Prosecutor)] State is not pursuing the motion to amend? |
| BY [PROSECUTOR]: | Yes, sir. I thought you'd want to take that up at sentencing. The State would pursue its motion to amend to make [Sellers] the little habitual under 99-19-81. |

****

| | |
|---|---|
| BY THE COURT: | You have the documentation that you wish to introduce? |
| BY [PROSECUTOR]: | Yes, sir. |
| BY THE COURT: | Pass it to the court reporter. Mark it as an exhibit, please, [C]ourt [R]eporter, and pass it to me. |

¶11.   At that point, the State introduced a sentencing order entered by the circuit court that established Sellers's conviction for felony DUI and the two-year sentence that followed. The State also introduced a sentencing order entered by the Circuit Court of Bay County, Florida, that established Sellers's conviction for aggravated assault on a pregnant woman and the resultant sentence of two years and six months in the custody of the Florida Department of Corrections. After reviewing that evidence, the circuit court granted the motion to amend and sentenced Sellers.

¶12.   The order amending the indictment, which the circuit court filed on October 16, 2012, states:

[T]he [i]ndictment in the above styled and numbered cause should be amended to include the following:

5

. . . AND FURTHER that the said Christopher Sellers was previously convicted in the Circuit Court of Oktibbhea County, Mississippi, in Cause #2011-0229-CR[,] for the crime of DUI 3rd OF[F]ENSE, a felony, and sentenced on January 30, 2012, to serve a term of one (1) year or more in [MDOC custody];

AND FURTHER that the said Christopher Sellers was previously convicted in the Circuit Court of the Fourteenth Judicial Circuit of the State of Florida, [i]n and [f]or Bay County, in Case #[]06-2426G[,] for the crime of Aggravated Battery on a Pregnant Woman, a felony, and sentenced on September 15, 2008, to serve a tern of [o]ne (1) year or more in the Florida Department of Corrections.

¶13.   Section 99-19-81 provides:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, *shall be sentenced to the maximum term of imprisonment prescribed for such felony*, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

(Emphasis added).  At the time of Sellers's conviction, the crime of malicious mischief carried a maximum sentence of five years in the custody of MDOC, a $10,000 fine, or both. *See* Miss. Code Ann. § 97-17-67.  As the State correctly argues, section 99-19-81 mandated that the circuit court impose the maximum sentence prescribed by section 97-17-97, and the circuit court did just that.  This issue is without merit.

¶14.   Additionally, we agree with the State that *Luckett* is inapplicable to this case.  In *Luckett*, the trial court sentenced the defendant to life imprisonment after he pleaded guilty to the crime of forcible rape in violation of Mississippi Code Annotated section 97-3-65(2)

(Rev. 2014). *Luckett*, 582 So. 2d at 429. The defendant filed a motion to vacate the sentence, which the trial court denied. *Id.* He then appealed, arguing that the trial court had erred in imposing the life sentence because he pleaded guilty. *Id.* On appeal, the Mississippi Supreme Court held that a court cannot sentence a defendant convicted under section 97-3-65(2) to a term of life unless the jury fixes the penalty, and if the jury does not fix the penalty at life, then the trial court is obligated to "sentence the defendant to a definite term reasonably expected to be less than life." *Id.* This case is factually distinguishable because Sellers was not convicted under section 97-3-65(2), and he did not receive a life sentence. This issue is without merit.

¶15. Because we interpret Sellers's Rule 11.03 argument as an attack on his habitual-offender status, we combine our discussion of his Rule 11.03 argument and his habitual-offender argument, and we find that those arguments are without merit. Rule 11.03 states in relevant part:

> The indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment.

Sellers's argument that the circuit court violated Rule 11.03 by failing to enter an order amending the indictment fails primarily because the circuit court did file the order amending the indictment and did so on the date that Seller's entered his guilty plea. Also, as evidenced by the order amending the indictment, the amended indictment set forth the nature of Sellers's prior convictions, the jurisdictions of the convictions, and the dates of the

7

sentencing judgments. Therefore, the evidence supports a finding that the amended indictment was in compliance with Rule 11.03.

¶16. Moreover, the record reveals sufficient evidence to prove Sellers's habitual-offender status.

> Generally, to sentence a defendant as a habitual offender, the State must prove the prior offenses by competent evidence, and the defendant must be given a reasonable opportunity to challenge the prosecution's proof. However, where the defendant enters a plea of guilty and admits those facts which establish his habitual status, the State has met its burden of proof.

*Aranyos v. State*, 115 So. 3d 116, 118 (¶5) (Miss. Ct. App. 2013) (citation omitted). Here, the State produced sentencing orders which established that Sellers had been convicted of two felonies "brought and arising out of separate incidents at different times and [that he was] sentenced to separate terms of one (1) year or more in a[] state . . . penal institution." Additionally, Sellers admitted during the plea hearing that he previously had been convicted of two felonies. Therefore, as stated, this issue is without merit.

## II.    *Ineffective Assistance of Counsel*

¶17. Sellers argues that he received ineffective assistance of counsel because his attorney failed to inform him that his five-year sentence was mandatory under section 99-19-81. Sellers also argues that his attorney's failure to object to the amendment of the indictment prejudiced his case. Sellers further argues that his attorney's sending a stand-in attorney to represent him during the plea hearing constituted ineffective assistance of counsel. Additionally, Sellers argues that his stand-in attorney "coerced" him into pleading guilty. In

8

response, the State argues that Sellers has not met his burden of proving ineffective assistance of counsel.

¶18. During the plea hearing, prior to accepting Sellers's plea, the circuit court asked him if he had any objections to the stand-in attorney's representation, and Sellers responded by saying that "[the stand-in attorney is] a good man." In an attempt to clarify Sellers's response, the circuit court asked him, "Okay. I take that statement to mean then you have no objection?" He then responded, "No sir, I don't." After that, the following colloquy took place:

| | |
|---|---|
| BY [PROSECUTOR]: | There's a plea agreement that he would plead guilty as a 99-19-81 habitual offender[.] |
| | **** |
| BY THE COURT: | As I understand [that the amendment to the indictment is a] part of a plea bargain agreement, I assume then there is no objection by the defense to the motion to amend? |
| [DEFENSE ATTORNEY]: | No objection, Your Honor. |
| BY THE COURT: | [(Speaking to Sellers)] Do you understand that on a plea of guilty as an habitual offender, the [c]ourt must sentence you to the maximum sentence authorized by law; that sentence being five years in the [custody of MDOC] and a $10,000 fine? |
| [SELLERS]: | Yes, sir. |

¶19. In *Cage v. State*, 149 So. 3d 1038, 1046 (¶21) (Miss. 2014) (internal citations and

9

quotation marks omitted), the Mississippi Supreme Court stated:

> When assessing an ineffective-assistance claim, [an appellate court] applies the two-pronged standard[.] The first prong . . . requires the [defendant] to show that counsel's performance was deficient. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Under the second prong, even if counsel's conduct is deemed to be professionally unreasonable[,] the [judgment] must stand if the error had no effect on the judgment. Accordingly, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

¶20. Here, as previously noted, Sellers acknowledged in the plea petition that the State would recommend a five-year sentence, and before accepting his guilty plea, the circuit court informed him that it was obligated to impose the maximum sentence under section 97-17-67. Therefore, Sellers cannot now legitimately claim that he was prejudiced by his attorney's alleged failure to inform him that he would receive a mandatory five-year sentence. Additionally, Sellers has not explained how his stand-in attorney's failure to object to the amendment of the indictment prejudiced his case. The record reveals that Sellers reached a plea agreement with the State, whereby the State would charge him as a habitual offender under section 99-19-81. Therefore, any objection by his stand-in attorney to the amendment of the indictment would have been imprudent, as the amendment had been agreed to before the plea hearing. Further, during the plea hearing, when questioned by the circuit court regarding his stand-in attorney's representation, Sellers expressed satisfaction. In fact, Sellers specifically stated that he had "no objection" to his stand-in attorney's representation. Finally, Sellers has not explained how his attorney's absence during the plea hearing

10

prejudiced his case in any way, and there is no evidence that the stand-in attorney coerced Sellers to plead guilty. Therefore, Sellers has not proven that he received deficient or professionally unreasonable representation. This issue is without merit. Because we find that the circuit court did not err in denying Sellers's PCR motion, we affirm.

¶21.    **THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.   JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**