845 So.2d 701 (2003)
Albert EDMOND, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00225-COA.
Court of Appeals of Mississippi.
March 18, 2003.
Rehearing Denied May 13, 2003.
Albert Edmond (Pro Se), attorney for appellant.
*702 Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. Albert Edmond was convicted of forcible rape and sentenced to life in prison in 1976. In June 2000, Edmond filed a petition for writ of habeas corpus. The lower court characterized Edmond's petition as a motion for post-conviction relief and found that Edmond was time-barred from proceeding. Edmond appeals. Since we agree with the trial court, we affirm.

DISCUSSION
¶ 2. The crux of Edmond's argument is that his petition was incorrectly decided under Mississippi's post-conviction proceedings statutory scheme. Miss.Code Ann. §§ 99-39-1 through 99-39-27 (Rev. 2000). The lower court noted that though "petitioner has styled this matter as a `Writ of Habeas Corpus,' the subject matter alleges that petitioner's conviction is based upon a defective indictment. Thus, this petition should be treated as a matter for post conviction relief."
¶ 3. Regardless of label, matters cognizable under the post-conviction relief statutes should be decided under those rules and limitations.
[P]urely collateral post-conviction remedies attacking a judgment of conviction or sentence should be sought under authority of the Post-Conviction Collateral Relief Act since that Act, in the pure postconviction collateral relief sense, is arguably "post-conviction habeas corpus renamed." See Bell, Habeas Corpus: The "Great Writ" in Mississippi State Courts, 58 Miss.L.J. 25, 28 (1988). Arguments over nomenclature should be avoided so long as the Act affords the relief formerly available by habeas corpus in this limited context. Id.

Walker v. State, 555 So.2d 738, 740 (Miss. 1990). Edmond's substantive claim attacking the underlying indictment was properly construed by the trial court as a "purely collateral post-conviction remedy" and is therefore governed by the Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. §§ 99-39-1 through 99-39-27 (Rev.2000).
¶ 4. The problem for Edmond, then, is the applicable statutory time restraints for motions under this post-conviction relief regime. Inmates have three years "after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi...." in which to file their petitions. Miss.Code Ann. § 99-39-5(2) (Rev.2000). The affirmance of Edmond's conviction occurred in 1975. Edmond v. State, 312 So.2d 702 (Miss.1975). When a conviction such as Edmond's predates the adoption of the post-conviction relief statutes in 1984, the inmate had three years in which to file their petition for relief. Odom v. State, 483 So.2d 343, 344 (Miss.1986). Therefore, Edmond's last opportunity to seek post-conviction remedies ended in 1987.
¶ 5. Furthermore, even a finding by the circuit court that Edmond's claim was a true writ of habeas corpus would not have cured his untimeliness. The three year statute of limitations does not cause a suspension of the writ of habeas corpus. Cole v. State, 608 So.2d 1313, 1318-20 (Miss.1992), cert. denied 508 U.S. 962, 113 S.Ct. 2936, 124 L.Ed.2d 685 (1993). What the post-conviction relief statutes provide is a procedural mechanism within which to bring claims recognizable under a variety of writs. The legislature may impose reasonable limitations upon the exercise of constitutional rights. Id. Among the reasons that these limits are reasonable is *703 that exceptions to the three year statutory bar exist, but none of them have been shown to apply here. Miss.Code Ann. § 99-39-5(2) (Rev.2000).
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.