875 So.2d 1130 (2004)
Terrence CLARK a/k/a Terrance Clark, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01424-COA.
Court of Appeals of Mississippi.
June 22, 2004.
*1131 Terrence Clark, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., BRIDGES, P.J. and CHANDLER, J.
KING, C.J., for the Court.
¶ 1. Terrence Clark appeals an order denying his motion for out-of-time post-conviction collateral relief entered by the Circuit Court of Chickasaw County, Mississippi. On September 19, 1994, Clark pled guilty to burglary of an automobile and grand larceny. Clark was sentenced to a term of five years on each charge, with the sentences to run concurrently, in the custody of the Mississippi Department of Corrections, with two years suspended on each charge and credit given for time served.
¶ 2. On June 24, 2002, Clark filed a motion for post-conviction collateral relief which was denied by the court as time-barred. On appeal, Clark raises the following issues:
I. Whether his pleas were voluntary.
II. Whether he received effective assistance of counsel.

FACTS
¶ 3. On September 7, 1994, Clark was indicted for grand larceny. During that time, Clark also had a pending indictment for burglary of an automobile. On September 19, 1994, Clark, represented by counsel, entered a plea of guilty to burglary and grand larceny. During the guilty plea hearing, the trial judge questioned Clark to determine whether his pleas to the charges of burglary and grand larceny were knowingly and voluntarily made.
¶ 4. The record reflects that the trial court informed Clark of the rights which he would waive by a guilty plea. Included among the rights discussed by the trial judge were: (1) that he had a right to a speedy trial, (2) that by pleading guilty he would waive his right to have a trial by jury, (3) that he had the right to testify or not testify on his own behalf as he chose, and (4) that he had the right to subpoena witnesses, cross-examine witnesses, and object to any testimony or evidence that he thought would be objectionable.
¶ 5. The trial court informed Clark that by pleading guilty to these two offenses, he ran the risk of indictment as an habitual offender should he commit any future offense. Clark indicated that he understood this information. The trial judge also questioned Clark to determine if his attorney had advised him of the maximum and minimum penalties allowable for the charges. Clark acknowledged that his attorney had advised him of the penalties. The trial judge inquired as to whether Clark was satisfied with his attorney's services, to which Clark responded affirmatively. The trial judge asked Clark whether he had been threatened or forced to sign the plea petitions. Clark stated that he had not been threatened.
¶ 6. The trial judge asked Clark whether he was guilty of burglary and grand larceny. *1132 Clark indicated that he committed the burglary, but did not admit to the charge of grand larceny. The transcript reveals the following:
Q. Are you telling me that you did commit these burglaries, this burglary and grand larceny like you are charged? Are you guilty as charged?
A. I committed the burglary. I knew he stole the car. I did know that. I knew the other fellow stole it.
¶ 7. The trial court determined that Clark's pleas were knowingly and voluntarily entered. Upon acceptance of the guilty pleas, the trial court sentenced Clark in accordance with the recommendation made by the State. Clark was sentenced to a term of five years on each charge, with the sentences to run concurrently, in the custody of the Mississippi Department of Corrections, with two years suspended on each charge and credit given for time served.
¶ 8. After sentencing, the prosecutor asked the trial court if he could question Clark regarding the role of the co-defendant. The trial court allowed the prosecutor to ask a few questions. The prosecutor asked Clark if Ray Edward Johnson was with him when he broke into the automobile and picked up a phone. Clark indicated that Johnson was indeed with him and knew that they were going to break into the automobile and steal something.
¶ 9. The prosecutor also inquired about another co-defendant, Steve Cockerham. Clark stated that Cockerham was with him when he got the truck and that Cockerham was the person who actually stole the truck. According to Clark, he remained in his yard which was close to where the vehicle was located. Clark indicated that he was aware that Cockerham was about to steal a truck. The prosecutor then ended his inquiry.

ISSUES AND ANALYSIS
¶ 10. Before addressing Clark's question of whether his guilty pleas were voluntary, this Court must first determine whether Clark's motion for post-conviction relief complies with Mississippi Code Annotated Section 99-39-5(2) (Rev.2000), which requires that requests for post-conviction relief be filed within three years after entry of judgment of conviction. The exceptions to this three year limitation are: (1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or United States Supreme Court which would adversely affect the outcome of his conviction, (2) cases in which he has new evidence, not discoverable at trial, that would have caused a different result in conviction or sentence, or (3) cases in which the prisoner claims his sentence has expired or his probation, parole or conditional release has unlawfully been revoked. Laushaw v. State, 791 So.2d 854(¶ 9) (Miss.Ct.App.2001).
¶ 11. The record reflects that Clark pled guilty in September 1994. He filed his request for out-of-time post-conviction collateral relief in June 2002, putting his motion outside the three-year period of limitation. In his motion, Clark claimed he received an illegal sentence as well as ineffective assistance of counsel. On June 27, 2002, the trial court denied Clark's motion for failure to state adequate grounds for ignoring the time bar.
¶ 12. Clark asks this Court to vacate and/or set aside the judgment of conviction for grand larceny. He contends that the conviction and sentence on the grand larceny charge are invalid, thereby making his guilty plea involuntary. Clark claims that he could not have discovered these violations during the time he entered his guilty plea. "To qualify as `newly discovered *1133 evidence' it must be evidence which could not have been discovered by the exercise of due diligence at the time of trial, as well as being almost certainly conclusive that it would cause a different result." Frost v. State, 781 So.2d 155(¶ 7) (Miss.Ct.App.2000). A claim of ignorance of the law is not considered newly discovered evidence. Id.
¶ 13. Because none of the exceptions to the three year limitation are applicable, a discussion of Clark's issues in this case is not necessary. We find the petition for post-conviction collateral relief to be time-barred and affirm the decision of the trial court.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.