922 So.2d 841 (2006)
Elliott GASTON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00107-COA.
Court of Appeals of Mississippi.
February 28, 2006.
*842 Elliott Gaston, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Elliot Gaston appeals the dismissal of his second motion for post-conviction relief (PCR) filed in the Circuit Court of Lee County. This Court previously considered and affirmed the circuit court's dismissal of Gaston's first PCR in Gaston v. State, 817 So.2d 613 (Miss.Ct.App.2002). Since we find that the circuit court properly dismissed the second PCR as both time barred and as a successive writ, it is not necessary that we extensively address each issue raised by Gaston on appeal. Indeed, most of Gaston's issues were addressed by this Court in our previous opinion.

FACTS
¶ 2. Gaston pled guilty to attempted strong-arm robbery in 1999. He was sentenced to fifteen years in prison with five years of post-release supervision, with credit for time served and with the remainder of the sentence suspended. When Gaston violated the terms of his post-release supervision, he was sentenced to fifteen years in prison, with ten years suspended, and given three years of post-release supervision, with the remainder of the sentence to be served.
¶ 3. Gaston moved for post-conviction relief from this conviction on December 12, 2000. That PCR was dismissed by the trial court on January 16, 2001. This Court affirmed the dismissal in Gaston v. State, 817 So.2d 613 (Miss.Ct.App.2002). In August 2004, Gaston filed a second, successive PCR, raising essentially the same issues from his first PCR. The court found that the PCR was time barred and not within any exception to the statutory limitations period. Gaston now appeals from the dismissal of his second PCR.

STANDARD OF REVIEW
¶ 4. The trial court's order stated that Gaston's PCR was denied. See Miss.Code Ann. 99-39-23(6) (Rev.2000). However, the procedural posture of Gaston's PCR *843 indicates that the trial court, in fact, summarily dismissed Gaston's PCR pursuant to Mississippi Code Annotated section 99-39-11(2). That section allows the court, after facial consideration of a motion for post-conviction relief, to summarily dismiss the PCR "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief. . . ." Miss.Code Ann. § 99-39-11(2) (Rev.2000). It is apparent that, after determining from the face of Gaston's PCR that it was time barred, the lower court dismissed Gaston's PCR pursuant to section 99-39-11(2) without further inquiry. Thus, we treat the disposition of Gaston's PCR as a dismissal.
¶ 5. On appeal, we will affirm the lower court's summary dismissal of a PCR if the movant has failed to demonstrate "`a claim procedurally alive' substantial[ly] showing denial of a state or federal right. . . .'" Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 176 (Miss.1991)).

DISCUSSION
¶ 6. Mississippi Code Annotated section 99-39-5(2) (Supp.2005) provides that "a motion for relief under this article shall be made . . . in case of a guilty plea, within three (3) years after entry of the judgment of conviction." Gaston pled guilty in 1999, and the petition under consideration was filed in August 2004. Therefore, Gaston filed his PCR after the expiration of the applicable limitations period. No statutory exception listed in section 99-39-5(2) is applicable in this case. There is no intervening decision of either the Mississippi or United States Supreme Court which would have a bearing on the outcome of this case, there is no newly discovered evidence, nor does Gaston claim that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. See id.
¶ 7. Under Mississippi Code Annotated section 99-39-23(6) (Supp.2005), "[a]ny order dismissing the prisoner's motion or otherwise denying relief . . . is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." This PCR is the second filed by Gaston concerning his attempted strong-arm robbery conviction. None of the exceptions listed in section 99-39-23(6) are applicable in this case. Again, there is no intervening decision of either the Mississippi or United States Supreme Court which would have a bearing on the outcome of this case, there is no newly discovered evidence, nor does Gaston claim that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. See id. We find that either section 99-39-5(2) or section 99-39-23(6) supports the trial court's summary dismissal of Gaston's PCR.
¶ 8. Notwithstanding the fact that Gaston's PCR is procedurally barred, many of his appellate issues are without merit as they were previously rejected by this Court in Gaston's prior appeal. Previously, this Court found that Gaston's sentence was legal and that his guilty plea was voluntary. Gaston, 817 So.2d at 617-19 (¶¶ 12-20). The State conceded that Gaston's notice of appeal was timely under the prison mail box rule and we so found in Gaston's previous appeal. Gaston, 817 So.2d at 615-16 (¶¶ 3-8).
¶ 9. In this PCR, Gaston raises as a new matter a challenge to his indictment in which he argues that his indictment did not charge him with an overt act toward the commission of the offense, an essential element of an attempt crime. Miss.Code Ann. § 97-1-7 (Rev.2000). Gaston correctly argues that his guilty plea *844 did not waive the failure of the indictment to charge an essential element of the offense. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). While this Court would have reviewed this argument had it been made in Gaston's earlier, timely PCR, Gaston's present challenge to his indictment is not excepted from the time and successive pleading bars applicable to his PCR. Edmond v. State, 845 So.2d 701, 702 (¶¶ 3-4) (Miss.Ct.App.2003).
¶ 10. Notwithstanding the procedural bars, we observe that Gaston's indictment properly charged him with an overt act. Gaston's indictment stated that, in attempting to take an automobile and $40.00 cash from Maury Shuh, Gaston "threaten[ed] to drag victim from his car, physically assault him and rob him, placing him in fear of some immediate injury to his person." An overt act toward the commission of strong-arm robbery may consist of putting the victim in fear of some immediate injury to his person. Miss.Code Ann. § 97-3-73 (Rev.2000).
¶ 11. Finding that the court correctly dismissed Gaston's PCR, we affirm.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, JJ., CONCUR.