963 So.2d 573 (2007)
Brian A. CAMPBELL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00959-COA.
Court of Appeals of Mississippi.
August 21, 2007.
*574 Brian A. Campbell, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., ISHEE, and CARLTON, JJ.
ISHEE, J., for the Court.
¶ 1. Brian A. Campbell pleaded guilty in the Circuit Court of Lowndes County to the felony charge of false pretense. On September 5, 2002, the court sentenced him to serve one year in the custody of the Mississippi Department of Corrections with two years of post-release supervision and ordered him to pay restitution in the amount of $64.81. The order stated the Mississippi sentence would run "consecutively to any other sentence." Campbell, pro se, filed a motion for post-conviction relief on March 18, 2006, which the trial court summarily dismissed. Aggrieved, Campbell appeals. Finding no error, we affirm.

FACTS
¶ 2. Campbell was indicted by a Lowndes County grand jury for felony false pretense on May 14, 2001. On August 28, 2002, Campbell, assisted by appointed counsel, submitted a petition to enter a plea of guilty. In his petition, Campbell stated his counsel had advised him of the nature of the charge against him and of all possible defenses. He stated *575 that he believed he had fully informed his counsel of all the facts and circumstances surrounding the charge and that his decision to enter a plea of guilty was free from any threats or promises or any outside influences. He further stated that he understood by pleading guilty he waived the following constitutional guarantees: the right to a speedy and public trial, the right to confront witnesses in open court, the right to compel production of evidence and/or witnesses on his behalf, the right to the assistance of counsel at all stages during the proceedings, the presumption of innocence, the right to testify on his behalf, and the right to a direct appeal. Campbell's petition included that he understood the minimum sentence he could receive was a fine of $100 and the maximum penalty was three years imprisonment with a fine up to $1,000. Campbell's petition stated that he understood that his sentence was ultimately up to the court; however, the district attorney recommended that Campbell receive a one year sentence in the custody of MDOC with two years of post-release supervision, that he pay restitution in the amount of $64.85, and pay a fine to be set by the court. The petition further stated that Campbell had been convicted of bank fraud and robbery.[1] Lastly, Campbell's petition stated that he was satisfied with the advice he received from his counsel and that he believed she had done all she could to assist him.
¶ 3. The court held a hearing on the petition and, on September 5, 2002, entered a sentencing order adjudicating Campbell guilty of the felony charge of false pretense and sentenced him to a term of one year in the custody of MDOC with two years of post-release supervision.[2] The order stated that the court accepted Campbell's plea of guilty and, after sufficient interrogation, was satisfied that the plea was made voluntarily, intelligently, and understandingly. The court found that Campbell understood the consequences of entering a plea of guilty to the charge. The court determined that he fully understood the nature of the charge against him and that he understood the maximum penalty the court could impose. Furthermore, the court stated that it was not bound by any agreement between Campbell and his attorney and/or the State. The court found that Campbell understood by entering a guilty plea he would have no right to a direct appeal. The order stated that Campbell's attorney had fully advised him of his constitutional rights and that Campbell was satisfied with her representation. The order further stated, "this sentence is to run consecutive to any other sentence."
¶ 4. On March 18, 2006, Campbell filed a motion for post-conviction relief asserting that his plea was not voluntary and that he received ineffective assistance of counsel. Campbell asked the trial court to "vacate conviction and sentence or order the State to preform as agreed in the plea agreement terms by running the sentence from October 20, 2003, date of expiration of the Kansas federal sentence." Essentially, Campbell argued that the State violated its plea agreement when MDOC did not take custody of him upon his release from the Kansas penitentiary and, therefore, he would not have entered a guilty plea had he known that Mississippi would not immediately take custody of him. The trial *576 court summarily dismissed his motion, stating, "the court finds that when a state places a detainer upon a defendant, that state basically has to get in line behind whatever states may already have a detainer placed on defendant. . . ."[3] Campbell asserts the following issues on appeal: (1) the trial court erred by summarily denying his post-conviction motion without consideration of the claims for relief or ordering the State to file an answer and (2) the trial court erred in determining that he was not entitled to post-conviction relief due to the detainer issue.

STANDARD OF REVIEW
¶ 5. In reviewing the trial court's decision to dismiss a motion for post-conviction relief, we will reverse if the movant can substantially show that the claim is procedurally viable due to a denial of a state or federal right. Gaston v. State, 922 So.2d 841, 843(¶ 5) (Miss.Ct.App.2006) (citing Young v. State, 731 So.2d 1120, 1122(¶ 9) (Miss.1999)). Furthermore, we will not reverse absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002) (citing Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999)). However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000).

ISSUES AND ANALYSIS
¶ 6. We are faced at the outset with a question of law as to whether this Court has jurisdiction over Campbell's motion for post-conviction relief. Mississippi Code Annotated section 99-39-5(2) (Rev.2006), provides in pertinent part that in the case of a guilty plea, a prisoner must make a motion for relief within three years of the entry of judgment of the conviction. Excepted from the three-year statute of limitations are cases which the prisoner can show either of the following: (1) that there has been an intervening decision of either the Mississippi or United States Supreme Court that would have adversely affected the outcome of the conviction or sentence, (2) that the prisoner has newly discovered evidence that, had such evidence been introduced at trial, the outcome would have been different, or (3) that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Id.; Clark v. State, 875 So.2d 1130, 1132(¶ 10) (Miss.Ct.App.2004). Additionally, pursuant to section 99-39-27(9), a second application for post-conviction relief is barred by a previous denial or dismissal of an application for relief. Miss.Code Ann. 99-39-27(9) (Rev.2006); Smith v. State, 922 So.2d 43, 45(¶ 4) (Miss.Ct.App.2006).
¶ 7. The State argues for the first time on appeal that Campbell's motion is time barred. We agree with the State's argument. The trial court entered the sentencing order on September 5, 2002; therefore, Campbell had three years to file for post-conviction relief. Arguably, Campbell's first motion for post-conviction relief was filed on March 18, 2006, almost *577 seven months after the three-year limitation had passed. Campbell argues in his reply brief that the trial court recognized his motion to be an exception to the three-year statute of limitation, and further ruled erroneously on his motion. Nothing in the trial court's order indicates that Campbell's case was excepted from the three-year filing limitation. Additionally, the record is void of any support for Campbell's contention that a plea agreement existed which stated the Mississippi sentence would begin immediately following his completion of the federal sentence in Kansas. We find this motion to be procedurally barred from our review because it was not timely filed pursuant to section 99-39-5(2).
¶ 8. Furthermore, the record lends this Court to find that the March 18, 2006 motion for relief was successive to the letter dated September 12, 2005. The trial court's order on December 7, 2005 dismissed the "post-conviction matter . . . motion to remove detainer." Therefore, this motion is procedurally barred on the basis that it is successive in nature, pursuant to section 99-39-27(9).
¶ 9. In arguendo, we find that both of Campbell's assignments of error are without merit. There is nothing in the record to support Campbell's assertion that the State has violated any plea agreement; moreover, there is no evidence showing that such an agreement existed. Campbell argues that pursuant to "a plea agreement" Mississippi was to take him into custody upon the completion of the Kansas federal sentence, consequently, on October 20, 2003. However, the trial court's order only specifies that the Mississippi sentence is to run consecutive to "any other sentences." Finding that there is no evidence of a plea agreement, we find there is no evidence to support Campbell's basis for either of the issues he has asked this Court to review. Notwithstanding that Campbell's motion is procedurally barred, we further find that the trial court did not err in summarily dismissing the motion, nor did it err by not granting post-conviction relief based on the detainer issue.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES AND CARLTON, JJ., CONCUR. KING, C.J. AND ROBERTS, J., CONCUR IN RESULT ONLY. IRVING, J., CONCURS IN PART AND IN THE RESULT.
NOTES
[1] The petition states "bank fraud (U.S.), robbery." Campbell is presently incarcerated in the federal penitentiary located in Atlanta, Georgia. At the time of the sentencing order, Campbell was serving an existing federal sentence in Kansas.
[2] The record did not contain a transcript of the plea hearing.
[3] The record contains a letter to "Lowndes County Circuit Court, Administrative Judge," dated September 12, 2005, in which Campbell requested that "the Mississippi detainer be removed . . ., because the state of Mississippi was supposed to pick me up, but did not. I was taken into federal custody related to an Alabama federal criminal case . . . consequently, received another federal sentence. . . ." In a letter dated October 11, 2005, Campbell asked that the Court not treat the September 12 letter as a PCR motion. The Circuit Court of Lowdnes County entered an order on December 7, 2005, dismissing the "post-conviction matter in which the petitioner has filed a motion to remove detainer" stating the court "does not even have knowledge of individual detainers" and that Campbell should apply to the MDOC regarding any detainer issue.