ISHEE, J.,
for the Court.
¶ 1. Charles Bester pleaded guilty to the charges of rape and robbery on August 31, 1992, in Jones County Circuit Court. He was sentenced to a term of life imprisonment on the charge of rape and a term of seven years on the charge of robbery, to run concurrently with the life sentence, in the custody of the Mississippi Department of Corrections. On June 27, 2006, the trial court dismissed Bester’s motion to vacate, set aside, or correct sentence, finding his post-conviction relief motion was time-barred. Bester, pro se and in forma pau-peris, appeals the trial court’s dismissal, asserting the following issues: (1) the trial court committed reversible error when it denied Bester’s post-conviction relief motion finding Bester raised no argument, theory, alleged error, or other rational showing that he was entitled to relief, and (2) the trial court committed reversible error by refusing to hear the merits of Bester’s PCR motion. Finding no error, we affirm.
FACTS
¶ 2. On August 31, 1992, Charles Bester pleaded guilty to the charges of rape and robbery in the Circuit Court of Jones County. A guilty plea hearing was held, during which Bester was represented by public defenders, Gene Clark and David Ratcliff. The court adjudicated Bester guilty, “after examination,” and found that he entered the plea of guilty “freely, voluntarily, and intelligently.”[1] Bester was *941 sentenced to a term of life imprisonment for the charge of rape, and a term of seven years for the charge of robbery to be served in the custody of MDOC, with the seven-year term to run concurrently with the life sentence. On May 2, 2006, Bester filed a motion to vacate, set aside, or correct sentence. He asserted that the court did not advise him at his plea hearing that he had the “right to testify or not to testify, that he had the right to exercise the act of self-incrimination if need be, and the right to be informed of the maximum and minimum penalties of the alleged crimes against him.” Bester contended that had the court informed him of these rights, he would not have entered a plea of guilty. On June 27, 2006, the court summarily dismissed his motion finding that the three-year limitation period to file a PCR motion had lapsed and that Bester had not provided any showing that he was entitled to relief. On December 18, 2006, Bester timely filed his appeal.
STANDARD OF REVIEW
¶ 3. In reviewing the trial court’s decision to dismiss a motion for post-conviction relief, we will reverse if the movant can substantially show that the claim is proeedurally viable due to a denial of a state or federal right. Gaston v. State, 922 So.2d 841, 843(¶ 5) (Miss.Ct.App.2006) (citing Young v. State, 731 So.2d 1120, 1122(¶ 9) (Miss.1999)). Furthermore, we will not reverse absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(3) (Miss.Ct.App.2002) (citing Kirksey v. State, 728 So.2d 565, 567(8) (Miss.1999)). However, where questions of law are raised, the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052, 1053(4) (Miss.Ct.App.2000).
ISSUES AND ANALYSIS
(1) The trial court committed reversible error when it denied Bester’s post-conviction relief motion finding Bester raised no argument, theory, alleged error, or other rational showing that he was entitled relief.
(2) The trial court committed reversible error by refusing to hear the merits of Bester’s PCR motion.
¶4. Mississippi Code Annotated section 99-39-5(2) (Rev.2006) provides in pertinent part that in the case of a guilty plea, a prisoner must make a motion for relief within three years of the entry of judgment. Excepted from the three-year statute of limitations are cases which the prisoner can show any of the following: (1) that there has been an intervening decision of either the Mississippi or United States Supreme Court that would have adversely affected the outcome of the conviction or sentence, (2) that the prisoner has newly discovered evidence that, had such evidence been introduced at trial, the outcome would have been different, or (3) that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Id.; Clark v. State, 875 So.2d 1130, 1132(¶ 10) (Miss.Ct.App.2004).
¶ 5. This Court has held where there has been no intervening decision by either the Mississippi Supreme Court or the United States Supreme Court that would have a bearing on the outcome of the case, there is no newly discovered evidence, nor is there a claim that the sentence has expired or that probation, parole, or conditional *942 release has been unlawfully revoked, then the three-year limitation bars a PCR motion. Gaston, 922 So.2d at 843(¶ 7). In Durant v. State, 914 So.2d 295, 296(¶ 5) (Miss.Ct.App.2005), this Court agreed with the trial court’s dismissal of Durant’s PCR motion as time-barred, pursuant to section 99-39-5(2), where Durant waited sixteen years before filing his PCR motion and offered no statutory exception for the tardy filing. Id.
¶ 6. On August 31, 1992, the court adjudicated Bester guilty and sentenced him to life imprisonment for the charge of rape and seven years for the charge of robbery. Bester had three years from the date of his sentencing order to file a motion for PCR, pursuant to section 99-39-5(2). However, Bester did not file his PCR motion until May 2, 2006, almost fourteen years after the date of his sentencing order and he has not pleaded that any of the statutory exceptions apply. Therefore, we agree with the trial court’s dismissal of Bester’s motion as time-barred.
¶ 7. Finding that Bester’s appeal is time-barred from our review and that the court did not err in dismissing his PCR motion, we affirm.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.

. The record before us does not contain a motion to enter a guilty plea; however, the *941 sentencing order states that Bester withdrew a not guilty plea and petitioned the court to enter a plea of guilty to both rape and robbery. Additionally, the record does not contain a transcript of the plea hearing.