FAIR, J.,
for the Court:
¶ 1. On November 18, 2008, Jeffrey Rivers appeared in Hinds County Circuit Court and pled guilty to cocaine possession under Mississippi Code Annotated section 41-29-139 (Rev.2013). The court sen- *1090 fenced Rivers to eight years, with eight years suspended and five years’ supervised probation. On March 15, 2012, the court revoked Rivers’s suspended sentence and ordered him to serve the remaining four years of his suspended sentence in the custody of the Mississippi Department of Corrections.
¶2. Rivers filed his motion for post-conviction relief (PCR) on December 17, 2012. His motion was summarily dismissed on February 27, 2013. Rivers now appeals the dismissal of his PCR motion, claiming that he received an illegally lenient sentence in 2008. Finding this issue time-barred, we affirm the judgment of the circuit court.
STANDARD OF REVIEW
¶ 3. The circuit court may summarily dismiss a PCR motion without an evi-dentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2013). To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right, and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 4. When reviewing the dismissal of a PCR motion, an appellate court “will not disturb the [circuit] court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008) (citations omitted). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
¶ 5. Rivers now argues that he received an illegally lenient sentence in 2008 because, as a previously convicted felon, he was prohibited from receiving both a suspended sentence and supervised probation. See Miss.Code Ann. § 47-7-33 (Rev.2011).
¶ 6. Rivers pled guilty, so he had three years from the entry of the judgment of his conviction to file a PCR motion pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2013). Claims made outside of the three-year statute of limitations generally must raise one of the exceptions found in section 99-39-5(2)(a)-(b). “Accordingly, we must look to see whether an exception to [the] procedural bar[ ] applies. The movant bears the burden of showing he has met a statutory exception.” Bell v. State, 95 So.3d 760, 763 (¶ 10) (Miss.Ct.App.2012) (citation omitted).
¶ 7. “[E]rrors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars which would otherwise prevent their consideration.” Ivy v. State, 731 So.2d 601, 603 (¶ 13) (Miss.1999) (citing Luckett v. State, 582 So.2d 428, 430 (Miss.1991)). However, “[i]t is a fundamental concept of our justice system that one cannot complain of an alleged error in the law if that person has not been injured by the error.” Williams v. State, 802 So.2d 1058, 1061 (¶ 6) (Miss.Ct.App.2001) (citation omitted).
¶ 8. Our supreme court has held that a defendant suffers no prejudice from a sentencing error that benefits him by giving him a more lenient sentence. Sweat v. State, 912 So.2d 458, 461 (¶ 9) (Miss.2005). Moreover, a defendant “cannot stand mute when he is handed an illegal sentence which is more favorable than what the legal sentence would have been, reap the favorable benefits of that illegal sentence, and later claim to have been prejudiced as a result[.]” Graves v. State, 822 So.2d 1089, 1091 (¶8) (Miss.Ct. *1091 App.2002) (citing McGleachie v. State, 800 So.2d 561, 568 (¶4) (Miss.Ct.App.2001)).
¶ 9. Rivers has suffered no prejudice from his illegally lenient sentence. Rather, he has benefitted from it. We find that no relief is warranted in this case. Therefore, we affirm the circuit court’s dismissal of Rivers’s PCR motion.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.