ROBERTS, J.,
for the Court:
¶ 1. Twenty years after Charles Bester pled guilty in the Jones County Circuit Court, pursuant to a plea agreement, to the charges of forcible rape and robbery, and six years after a prior unsuccessful motion for post-conviction relief (PCR), he files again claiming his agreed-to sentence of life imprisonment in the custody of the Mississippi Department of Corrections (MDOC) on the forcible-rape charge is unlawful. We disagree. We detect no “fundamental” constitutional violation implicated, and we affirm the circuit court’s summary dismissal of Bester’s PCR motion, as it is procedurally barred. The sentence Bester asked for as a result of his plea negotiations and received was, indeed, a lawful one. As a consequence, his PCR motion is both time-barred and subsequent-writ barred, with no exceptions applicable.
FACTS AND PROCEDURAL HISTORY
¶2. During the January 1992 Jones County term, a grand jury indicted Bester in cause number 7791 on two counts: Count I was the forcible rape of Clara *577 Anderson in violation of -Mississippi Code Annotated section 97-3-65 (Rev. 1985);[1] Count II was the robbery of Clara Anderson in violation of Mississippi Code Annotated section 97-3-73 (1972).
¶ 3. On August 31, 1992, and pursuant to a plea agreement, Bester pled guilty to both counts. According to the sentencing order filed the same day, the circuit court accepted Bester’s pleas as “entered freely, voluntarily[,] and intelligently[.]” The sentencing order also states: “The [circuit c]ourt- [is] further advised by [Bester], [Bester’s] counsel[,] and the State’s attorneys that plea negotiations have been conducted and that the recommendation of the State is mutually acceptable to all parties.?’ The circuit court accepted the State’s recommendation that Bester be sentenced to life in the custody of the MDOC for the charge of rape and to seven years in the custody of the MDOC for the charge of robbery, with both sentences to run concurrently to each other. It was so ordered.
¶ 4. In 2006, Bester filed a “motion to vacate, set aside, or correct his sentence.” In it, he claimed “that he had the right to testify or not to testify, that he had the right to exercise the act of self-incrimination if need be, and the right to be informed of the maximum and minimum penalties of the alleged crimes against him.” Bester v. State, 976 So.2d 939, 941 (¶ 2) (Miss.Ct.App.2007). Bester further claimed “that had the [circuit] court informed him of these rights, he would not have entered a plea of guilty.” Id. The circuit court, properly treating the motion as a PCR motion, summarily dismissed it as being time-barred without an applicable exception, as it was filed fourteen years after his guilty pleas were entered. Id. at 942 (¶6). Bester appealed the summary dismissal, and this Court affirmed the circuit court’s judgment. Id. at 942- (¶ 7).
¶5. On September 14, 2012, Bester filed a “motion to correct [an] illegal sentence^]” alleging that a life sentence for the crime of forcible rape must only be imposed by a jury. And because a jury did not impose his life sentence, he claimed he was “laboring under a sentence of life, of which the [circuit] judge had no authority to impose. Thus, making his current sentence of life ... an illegal sentence.” Additionally, Bester claimed that because his sentence is illegal, he has presented an exception to the time-bar.. Analyzing Bes-ter’s motion as a PCR motion, the circuit court .summarily dismissed the motion as time-barred, and found “the merits of [Bester’s PCR mjotion entitle him to no relief and no hearing....”
-¶ 6. Presently, Bester appeals the circuit court’s summary dismissal, of his PCR motion. He submits the following two issues for review:
I. [The circuit] court abused its discretion by applying [the] three-year limitation period of Mississippi Code Annotated] section 99-39-5 [ (Supp.2013) ] to deny [Bester] relief [on a] claim [of an] illegal sentence.
II. [The circuit] court had no authority to impose [a] life sentence for [Bes-ter’s • forcible-]rape conviction absent [a] recommendation from [the] jury. , .
ANALYSIS
¶ 7. “When reviewing a [circuit] court’s denial or dismissal of a motion for post-conviction relief, we will reverse the judgment of the [circuit] court only if its factual findings are clearly erroneous; however, we review the circuit court’s legal *578 conclusions under a de novo standard of review.” Grogan v. State, 89 So.3d 617, 619 (¶ 6) (Miss.Ct.App.2012) (quoting Beal v. State, 68 So.3d 709, 710 (¶ 2) (Miss.Ct.App.2011)).
¶8. Bester was indicted for forcible rape in violation of Mississippi Code Annotated section 97-3-65(2), which, at the time of Bester’s crime, read: ■
[U]pon conviction, [the defendant] shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in eases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.
Bester asserts that' since a jury did not impose his life sentence, his sentence is illegal. Further, he asserts that this alleged illegal sentence provides him with- an exception to the PCR statute’s procedural bars; thus, he claims it is of no consequence. that his present PCR motion is his second and was. filed over twenty years after his guilty plea.
¶ 9. We disagree. Bester’s sentence is not an illegal sentence, as life imprisonment is a sentence permitted as a lawful punishment for forcible rape, albeit when imposed by a jury. There is no public-policy concern that Bester received a sentence not authorized by‘statute. The terminology of the statute presupposes that a jury has been impaneled to hear the case and has convicted the defendant, but it is silent on how a defendant who pleads guilty may be sentenced when a jury is not impaneled. In the present case, Bester entered a gujlty plea, and he freely, voluntarily, and intelligently waived a jury. Bester makes no claim to the contrary. While Bester did not include a transcript from his guilty-plea colloquy or any of the contents of his criminal file in cause number 7791 for our review in the appellate record, we do have Bester’s sentencing order. It is Bester’s duty, as the appellant, to furnish an adequate record for appellate review. See Williams v. State, 522 So.2d 201, 209 (Miss.1988); Ward v. State, 958 So.2d 1233, 1236 (¶ 9) (Miss.Ct.App.2006). The sentencing order states that Bester’s guilty plea was “entered freely, voluntarily, and intelligently” and that the circuit court was “further advised by [Bester], defense counself,] and the State’s attorneys that plea negotiations have been conducted and that the recommendation of the State is mutually acceptable to all parties.” The circuit court accepted the parties’ recommendation of “a period of life imprisonment on the charge of rape and a period of seven years on the charge of robbery .... ”[2]
¶ 10. Bester relies on Lee v. State, 322 So.2d 751, 753 (Miss.1975), to say that the imposition of a life sentence is within the sole province Of the jury and “no such sentence can be imposed by a judge unless he has the authority from the jury to do so.” The circuit judge has no other option but to impose a sentence of “a definite term reasonably expected to be less than life.” Id. But in Lee, there was a jury trial where Lee was convicted of forcible rape. The jury did not sentence Lee to life imprisonment; the judge did. We find Lee *579 inapposite. We are fully cognizant of what the Mississippi Supreme Court held in Rowland v. State, 42 So.3d 503 (Miss.2010), and Luckett v. State, 582 So.2d 428 (Miss.1991) (overruled). But it is clear in Bester’s case that he waived a jury and requested the circuit court to honor his plea agreement. No violation of a fundamental constitutional right is implicated here. This case is not synonymous with a double-jeopardy claim where the State was never authorized to attempt to punish the defendant twice for the same crime. See Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).
¶ 11. Mississippi has other criminal offenses containing similar sentencing language. See Miss.Code Ann. § 97-3-79 (Rev. 2006) (armed robbery); Miss.Code Ann. § 97-3-53 (Supp.2013) (kidnapping). Our kidnapping statute provides that, a defendant,
upon conviction, shall be imprisoned for life in the custody of the [MDOC] if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life, the court shall fix the penalty at not less than. one (1) year nor more than thirty (30) years in the custody of the [MDOC].
Miss.Code Ann. § 97-3-53. In an especially atrocious kidnapping case, according to Bester’s analysis, it appears if the defendant insists on waiving a jury and pleading guilty, he could effectively insulate himself from the imposition of a life sentence. He could not, under Bester’s logic, be sentenced to life since no jury fixed his punishment at life, simply because he waived a jury.
¶ 12. Instead, the supreme court case of Evans v. State, 547 So.2d 38 (Miss.1989), is directly on point and controlling.- In Evans, Johnny Lee Evans was indicted on kidnapping and rape charges. Id. Evans waived a trial by a jury and requested a bench trial, which he received. Id. The circuit court found - him guilty -of both charges and sentenced him to life imprisonment on the rape charge and thirty years on the kidnapping charge. Id. Evans, making an almost identical argument as Bester, claimed “that the trial judge lacked the authority to sentence him to life imprisonment, after sitting as a jury.” Id. at 40. The supreme court noted that “[t]he contention and argument of [the] appellant on this assigned error indicate that his actions in the lower court amounted to trifling with the court, deception and attempting to mislead the court. [Evans] has no standing to seek redress from alleged error of his own creation.” Id. at 40. In rejecting Evans’s argument, the supreme court stated: “In [section] 97-3-65(2), reference to ‘the jury’ is synonymous to ‘the trier of facts.’ Here, the judge, at the insistence of [Evans], was the ‘trier of facts’ and substituted for the jury, which ordinarily is the ‘trier of facts’ in a criminal case.” Evans, 547 So.2d at 40.
¶ 13. We have previously denied relief to PCR appellants who bargained for and received ünquestionably illegal sentences. For example, á previously convicted felon is, by statute, ineligible for suspension of sentence and probation on a subsequent felony conviction pursuant to Mississippi Code Annotated section 47-7-33 (Rev. 2011) and Johnson v. State, 925 So.2d 86, 102 (¶ 31) (Miss.2006). Yet we have denied relief and refused to waive procedural bars, stating that 'the sentence imposed was' illegally lenient. See Rivers v. State, 136 So.3d 1089, 1090 (¶ 5) (Miss.Ct.App.2014). In Rivers, Jeffrey Rivers complained in his PCR motion that he received an illegally lenient sentence because, “as a previously convicted felon, he was prohibited from receiving both a suspended sentence and supervised probation” pursuant *580 to Mississippi Code Annotated section 47-7-33. Rivers, 136 So.3d at 1090 (¶ 5). The circuit court summarily dismissed his PCR motion as it was time-barred, and we affirmed the summary dismissal. Id. at 1091 (¶ 9). We stated:
Errors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars Which would otherwise prevent their consideration. However, it is a fundamental concept of our justice system that one cannot complain of an alleged error in the law if that person has not been injured by the error.
Id. at 1090 (¶ 7) (internal citations omitted). The supreme court has agreed with this line of cases as well. See Sweat v. State, 912 So.2d 458, 461 (¶ 9) (Miss.2005) (“The law which relieves defendants from the burden of an illegal sentence applies to situations where the defendant is forced to suffer a greater sentence rather than the luxury of a lesser sentence. We agree with the Court of Appeals and therefore adopt its approach.” (internal citation omitted)).
¶ 14. By pleading guilty and negotiating a “mutually acceptable” plea agreement, Bester has waived his right to a trial by a jury of his peers, and also the right for the jury to impose his sentence. Bester waived a jury, pled guilty, and asked the circuit court to honor his plea agreement. Moreover, it is the defendant who has a fundamental constitutional right to trial by jury under the Sixth Amendment of the United States Constitution and Article 3, Section 26 of the Mississippi Constitution. The State enjoys no such right and cannot demand a jury trial. Bester waived that fundamental, right.
1M5. Just like in Evans, Bester cannot “seek redress from an alleged error of his own creation.” See Evans, 547 So.2d at 40. Since Bester received a lawfully authorized sentence, waived trial by jury,' and bargained for a life sentence, there is no violation of a fundamental constitutional right and no applicable exception to the PCR statute’s procedural bars. Bester’s PCR motion was filed over twenty years after his guilty plea. His motion is time-barred. See Miss.Code Ann. § 99-39-5(2). Additionally, his PCR motion is subsequent-writ barred, this PCR motion being his second bite at the apple. See Miss.Code Ann. § 99-39-23(6) (Supp.2013). Bester is not now permitted to trifle with the circuit court and effectively renege on his plea agreement after he freely and voluntarily waived his right to have a jury impaneled for his trial and sentencing.
¶ 16. Thus, finding no error, we affirm.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE, C.J., GRIFFIS, P.J., CARLTON, MAXWELL AND FAIR, JJ., CONCUR. ISHEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., BARNES AND JAMES, JJ.

. We rely on the forcible-rape statute as it read at the time the offense was committed.

. We acknowledge it is an unusual circumstance when any defendant waives a jury trial on guilt and sentencing, forgoes his statutory right to appeal, and agrees to the maximum -possible sentence. Bester was represented by two attorneys, and the record is simply silent on what other charges, including possible simple or capital murder, may have been dismissed as- part of his plea agreement. Moreover, in 1991, if sentenced to thirty years or more or life, Bester would have been parole eligible after serving ten years in custody for forcible rape. See Miss. Code Ann. § 47-7-3 (Rev. 1986).