# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00486-COA

**CHARLES BESTER**                                                                  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                          **APPELLEE**

DATE OF JUDGMENT:                02/23/2018
TRIAL JUDGE:                       HON. DAL WILLIAMSON
COURT FROM WHICH APPEALED:  JONES COUNTY CIRCUIT COURT,
                                  SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:     CHARLES BESTER (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                                  BY: SCOTT STUART
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 09/10/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., GREENLEE AND TINDELL, JJ.**

**TINDELL, J., FOR THE COURT:**

¶1. On August 31, 1992, Charles Bester pled guilty to robbery and rape, and the Jones County Circuit Court sentenced him to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC). Bester filed his third post-conviction-relief (PCR) petition, in the form of a motion to vacate judgment, on January 30, 2018, again challenging the legality of his life-imprisonment sentence for rape. The circuit court dismissed Bester's motion on February 23, 2018, finding the motion to be an attempt to relitigate issues properly decided by the Mississippi Supreme Court in its April 14, 2016 opinion. Aggrieved, Bester now appeals the circuit court's denial of his motion. We agree with the circuit court and find

that Bester's third PCR petition was properly dismissed. We, therefore, affirm the circuit court's decision.

## FACTS AND PROCEDURAL HISTORY

¶2. On August 31, 1992, Bester pled guilty to robbery and rape. The circuit court found that Bester's plea was "freely, voluntarily, and intelligently" made. As a part of Bester's plea bargain, the circuit court sentenced him to serve seven years for robbery and to life imprisonment for rape, with both sentences to run concurrently in MDOC's custody.

¶3. On May 2, 2006, almost fourteen years after entering his guilty plea, Bester filed an unsuccessful PCR petition to vacate, set aside, or correct his sentence. In that motion, Bester argued that he was not properly advised of his "right to testify or not to testify, that he had the right to exercise the act of self-incrimination if need be, and the right to be informed of the maximum and minimum penalties of the alleged crimes against him" prior to his plea hearing. *Bester v. State*, 976 So. 2d 939, 941 (¶2) (Miss. Ct. App. 2007). Bester further argued that, had he been properly advised of these rights, he would not have entered a guilty plea. *Id*. On September 11, 2007, this Court upheld the circuit court's dismissal of Bester's motion, finding the PCR petition to be time-barred under Mississippi Code Annotated section 99-39-5(2) (Rev. 2006) with no applicable exception to overcome the time-bar.[1] *Id*. at 941-42 (¶¶4-5).

¶4. Bester filed a PCR petition to "correct [an] illegal sentence" on September 14, 2012,

---

[1] Bester's petition for writ of certiorari following this opinion was denied by the Mississippi Supreme Court on February 7, 2008. *Bester v. State*, 977 So. 2d 343 (Miss. 2008).

arguing that the circuit court unlawfully sentenced him to life imprisonment for rape because that sentence had not been recommended by a jury. *Bester v. State*, 188 So. 3d 576, 577 (¶5) (Miss. Ct. App. 2014). Additionally, Bester argued that his illegal sentence constituted an exception to the time-bar under section 99-39-5(2). *Id*. The circuit court again denied Bester's PCR petition. *Id*. This Court affirmed the circuit court's decision, finding that because Bester knowingly and voluntarily agreed to enter a guilty plea, he effectively waived his right to empanel a jury for trial and sentencing. *Id*. at 580 (¶15). Therefore, Bester's second PCR petition still remained time-barred with no applicable exceptions. *Id*.

¶5.     On April 14, 2016, the Supreme Court affirmed this Court's decision. *Bester v. State*, 188 So. 3d 526, 529-30 (¶¶10-11) (Miss. 2016). In its opinion, the Supreme Court found that the language of Mississippi Code Annotated section 97-3-65(4)(a) (1991)[2] granted the circuit court the right to sentence defendants to imprisonment "for any term as the court, in its discretion, may determine," which included life imprisonment. *Id*. at 528-29 (¶6). Therefore, the Supreme Court found that Bester's sentence was not illegal. *Id*. at 529 (¶6).

¶6.     On January 30, 2018, Bester filed a third PCR petition to vacate the circuit court's judgment. The circuit court denied the motion on February 23, 2018, finding that the motion was an attempt to relitigate issues that had properly been decided by the Supreme Court in its April 14, 2016 opinion. Aggrieved by the circuit court's denial of this current motion, Bester appeals.

**STANDARD OF REVIEW**

---

[2] This section was codified as Mississippi Code Annotated section 97-3-65(2) (1991) at the time of Bester's conviction and sentencing.

¶7.     "We review the dismissal or denial of a PCR motion for abuse of discretion.  We will only reverse if the trial court's decision is clearly erroneous.  When reviewing questions of law, our standard is de novo."  *Ware v. State*, 258 So. 3d 315, 317-18 (¶7) (Miss. Ct. App. 2018).

## ANALYSIS

¶8.     We first find that Bester's PCR petition is time-barred.  Section 99-39-5(2) (Rev. 2015) sets forth a mandatory three-year statute of limitations for all non-death-penalty PCR petitioners.[3]  This limitations period includes petitioners who entered guilty pleas.  *Bass v. State*, 237 So. 3d 172, 174 (¶5) (Miss. Ct. App. 2017).  The circuit court accepted Bester's guilty pleas and entered its judgment of conviction on August 31, 1992.  After two unsuccessful PCR petitions in 2006 and 2012, Bester filed this third petition in 2018—twenty-six years after his conviction.

¶9.     Bester argues that his motion to vacate judgment constitutes a motion under Mississippi Rule of Civil Procedure 60(b), and therefore, no time limitation applies.  But we have held actions "attacking the judgment of conviction or sentence should be sought under authority of the [Uniform] Post-Conviction Collateral Relief Act [UPCCRA] since that Act . . . is arguably 'post-conviction habeas corpus renamed.'"  *Sanders v. State*, 149 So. 3d 541, 543 (¶5) (Miss. Ct. App. 2014) (quoting *Edmond v. State*, 845 So. 2d 701, 702 (¶3) (Miss. Ct. App. 2003)).  We have further held that Rule 60(b) motions are meant only for "extraordinary and compelling circumstances," and "should be denied where they are merely

_____

[3] Section 99-39-5(2)(b) limits all PCR filings for death-penalty convictions to one year.

4

an attempt to relitigate the [petitioner's] case." *Id*. (quoting *S. Healthcare Servs. Inc. v. Lloyd's of London*, 110 So. 3d 735, 742 (¶14) (Miss. 2013)). Because Bester again attempts to attack the legality of his sentence, his Rule 60(b) motion was properly treated as a PCR petition governed by the UPCCRA. *Id*. at (¶6). We find that the three-year statute of limitations under Section 99-39-5(2) applies to Bester's PCR petition, and as such, we find Bester's motion to be time-barred.

¶10. We also find Bester's motion to be barred as a successive writ. The UPCCRA mandates that "any order dismissing the petitioner's motion or otherwise denying relief . . . is a final judgment and shall be conclusive until reversed. It shall [also] be a bar to a second or successive motion . . . ." Miss. Code Ann. § 99-39-23(6) (Rev. 2011). To overcome this procedural bar, "the movant must show by a preponderance of the evidence that his claims are not barred in order to proceed" due to one or more exceptions. *Ratcliff v. State*, 120 So. 3d 1058, 1060 (¶5) (Miss. 2013). Included in these exceptions are errors affecting the movant's fundamental constitutional rights. *Id*. "Only four fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. 2018).

¶11. Bester asserts four points of contention to try to overcome the procedural bars, all relating to his life sentence and the Supreme Court's decision to affirm that sentence. First, Bester again attempts to argue that Mississippi statutory law, at the time of his sentencing,

prohibited a circuit court judge from sentencing a defendant to life in prison without a jury recommendation. Second, Bester argues that the circuit court judge committed plain error by failing to declare section 97-3-65(2) as "constitutionally vague and ambiguous" and in violation of due process and equal protection. Bester thirdly argues that the Supreme Court committed plain error when it overruled the cases of *Lee v. State*, 322 So. 2d 751 (Miss. 1975), *Friday v. State*, 462 So. 2d 336 (Miss. 1985), and *Luckett v. State*, 582 So. 2d 428 (Miss. 1991). Finally, Bester argues that the Supreme Court imposed an ex post facto law against him through its 2016 decision.

¶12. Upon review, we find the foregoing issues to be properly decided by the Mississippi Supreme Court in *Bester v. State*, 188 So. 3d 526 (Miss. 2016). In *Bester*, the Supreme Court thoroughly dissected section 97-3-65(4)(a) to determine a circuit court's specific sentencing parameters. *Id*. at 528-29 (¶6). The Supreme Court found that "[t]he statute's plain language authorize[d] a trial judge to sentence to imprisonment 'for any term as the court, in its discretion, may determine.'" *Id*. (quoting Miss. Code Ann. § 97-3-65(2)). The Supreme Court further found that the laws governing criminal sentencing fell within the Legislature's purview and compared the plain language of the rape statute to the kidnapping statute,[4] which allows a circuit court judge to sentence defendants up to only thirty years in prison, with no jury recommendation. *Id*. at 529 (¶9). The Supreme Court found that the judiciary could no longer ignore the plain language of section 97-3-65(4)(a), allowing the circuit judge to sentence a defendant to life in prison for rape. *Id*. at (¶¶9-10). The Supreme Court overruled

---

[4] Mississippi Code Annotated section 97-3-53 (Rev. 2014) (defining kidnapping).

*Lee*, *Friday*, and *Luckett*, which prohibited such a sentence without a jury recommendation. *Id.* at 529-30 (¶10). Contrary to Bester's assertions, the Supreme Court overruled this precedent not to retroactively aggravate Bester's crime or to enlarge the length of sentence[5] but in furtherance of its "constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation." *Id.* at 529 (¶10). In other words, the *Bester* Court applied the plain meaning of statutory language that existed even before Bester's conviction, making Bester's ex post facto argument meritless. As such, we find that Bester fails to establish any applicable fundamental-rights exception, and his PCR petition is also barred as a successive writ.

## CONCLUSION

¶13. Mississippi case law allows movants "one bite at the apple when requesting PCR." *Porter v. State*, 271 So. 3d 731, 733 (¶5) (Miss. Ct. App. 2018). Upon review, we agree with the circuit court's denial of Bester's third PCR petition as an attempt to relitigate issues already decided by the Supreme Court. We find Bester's PCR petition to be both time-barred and successive-writ-barred, without an applicable exception to overcome these procedural

---

[5] Bester cites to the following language in *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964), to support his ex post facto argument:

> [A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post fact law, such as Art[icle] I, [section] 10, of the [United States] Constitution forbids. An ex post facto law has been defined by this Court as one "that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action," or "that aggravates a crime, or makes it greater than it was, when committed."

(quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798)).

7

bars. We therefore affirm the circuit court's judgment.

¶14.    **AFFIRMED.**

    **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR. McCARTY, J., NOT PARTICIPATING.**